## Staunton.

VA. FIRE AND MARINE INSURANCE CO. V. AIKEN.

SEPTEMBER 30th, 1886.

1. FIRE INSURANCE—*Limiting time for suit.*—Condition in policy that suit shall not be brought except within a period less than that fixed by statute of limitations, is valid.
2. IDEM—*Case at bar.*—In this case—

HELD.

> Condition in policy limiting bringing of suit to six months next succeeding date of loss, was suspended for thirty days after expiration of that period, by endorsement by company's president, on the policy : "The provision in this policy limiting the time within which suit may be brought against this company under it is waived for thirty days from this date." Loss occurred August 18, 1884. Endorsement was dated February 11, 1885. Suit was instituted March 16, 1885. The suit was brought within the stipulated period.

Error to judgment of circuit court of Frederick county, rendered at its November term, 1885, in the action of Jesse B. Aiken, plaintiff, against the Virginia Fire and Marine Insurance Company, defendant.

This was an action of *assumpsit* against the Virginia Fire and Marine Insurance Company on a policy of fire insurance for the sum of twenty-five hundred dollars. The defendant in error was the plaintiff below. The alleged loss occurred on the 18th of August, 1884. The action was commenced on the 16th of March, 1885, or six months and twenty-six days thereafter. The policy of insurance upon which the action was founded, amongst other things, contains the following condition:

"No suit or action shall be maintained in any court upon this policy, unless the same be instituted within six months next succeeding the day upon which the loss or damage is alleged to have taken place."

The defendant pleaded this condition, to which the plaintiff replied as follows:

"And the plaintiff says that by reason of anything in the plea No. 2 alleged, he ought not to be barred from having and maintaining his aforesaid action against the said defendant, because he says that after the said policy of insurance was issued, and before the period of six months from the date of loss and damage by fire had expired, viz: On the 11th day of February, 1885, the said defendant, by its own endorsement in writing upon said policy, waived the clause or provision of said policy in said plea referred to and set forth, and suspended the operation thereof as follows, viz:

'WINCHESTER, VA., *February* 11, 1885.

'The provision in this policy limiting the time within which suit may be brought against this company under it, is hereby waived for thirty days from this date.

'VIRGINIA FIRE AND MARINE INSURANCE COMPANY.

'By W. L. COWARDIN, *Pres't.*'

"And this he is ready to verify. Wherefore he prays judgment," &c.

To this replication the defendant demurred. The circuit court overruled the demurrer, and, a jury being waived, gave judgment for the plaintiff for twenty-five hundred dollars, with interest and costs; whereupon the defendant obtained a writ of error from one of the judges of this court.

*Barton & Boyd*, for the plaintiff in error.

To plaintiff's replication defendant demurred, because, by the contract, the right of action on the policy would have expired on the 18th day of February, 1885. On the 11th day of February, defendant, by the writing set forth in the replication, agreed to waive or not take advantage of that provision of the contract "for thirty days from this date," that is until the 13th day of March, 1885. But plaintiff did not, within that time, avail himself of defendant's concession to him and bring his suit, but delayed to sue until the 16th day of March, 1885, three days beyond the time during which defendant had agreed that he would not assert his right under the contract not to be held liable for any loss, unless suit should be brought within six months from the time of the alleged loss.

To this demurrer plaintiff offered an objection as sophistical as it is ingenious, and the court below held it good.

To the words of the concession "is hereby waived," plaintiff, in *the argument part of* his replication, adds the words "and suspended the operation thereof," and then he says that the true meaning of the concession is that the six months' contract of limitation, which commenced to run on the 18th day of August, 1884, and would have completed its course on the 18th day of February, was, by said concession, *suspended* on the 11th day of February, 1885, when it still had seven days to run; that it so remained suspended for thirty days, when it commenced to run again on the 13th day of March, 1885, with seven days yet to make out the allotted six months.

Of course, to support this theory, the words "from this date" had to be altogether ignored, and the concession changed to that extent. The learned judge of the court below, in his opinion in overruling the demurrer and sustaining plaintiff's views, met this difficulty by supposing that those important

and decisive words had been put there *through inadvertence.* The result is, that a new contract has by judicial construction (or, rather *misconstruction*) been made between the parties, and one which neither party contemplated or understood at the time. Between the lines we may read at least this much: On the 11th day of February, 1885, each party knew that unless suit on the policy was instituted by the 18th day of February, 1885, it could not be brought at all. For some reason the plaintiff wanted further time beyond February 18, 1885, in which to bring his suit. Defendant was willing to concede some further time, and in order to make it safe for plaintiff to delay, defendant had to agree not for a certain length of time to avail himself of the right given him by the contract of insurance, and which would (if he availed himself of it) after February 18, 1885, entirely defeat any claims that plaintiff might make for damages.

That there might be no doubt as to the time thus to be endorsed; as to the time up to which defendant would not avail himself of his defence; as to how much longer (then only having seven days) plaintiff might safely wait before he could institute his suit, concession was not left to mere spoken words or the uncertainty of slippery memory, but it was plainly, concisely and clearly put in writing.

Defendant agreed not to avail himself of the right of defence given by the contract *not* for thirty days, which might be construed to be thirty days beyond and in addition to the six months, but "thirty days *from this date.*" Thirty days from that date expired March 13, 1885, and the language of the concession is put as if it had been written "is hereby waived until March 13, 1885," instead of "for thirty days from this date," for they mean, and are the same thing, and nothing else. No court of justice can otherwise fairly construe this plain language, and to make it as it stands by the judgment

of the court below is to *suppose* away the words the parties themselves have used, and to *adjudge* new words and a new meaning directly contrary to, and in the teeth of what the contracting parties themselves meant and said. Had defendant used in his concession the word "suspend," as is stated in *the agreement part* of the replication, his concession might be tortured into the meaning given it by the court below, for the word "suspend" is defined to mean "to interrupt, to intermit, to cause to cease for a time, to stay and delay, to hinder the proceedings for a *time.*" Webster. But this not being defendant's intention, it did not use, or mean to use, that word. The word it did use was "waived"—"is hereby waived for thirty days from this date," and the meaning of the word "waive" or "wave" is "to put off, to put aside for the present, or to omit to pursue." Webster.

To "waive" for an *unspecified* term does mean to *abandon or forsake,* but to waive for a specified time means always to "omit to pursue," for the time specified and no longer. This is what Bouvier means when he says that to waive means "to abandon or forsake an object." He is speaking of a waiver without limitation.

In plaintiff's replication, before he sets forth the written contract or concession, he says: "The said defendant waived the claim," * * * "and suspended the operation thereof," as if it was an indefinite waiver or suspension, which would indeed amount to forsaking or abandoning, and would justify the judgment; but plaintiff then says as "follows," and sets out the written concession. This, then, is the real replication to which the decision is addressed, and all that precedes it is *argument.* It was never meant for a moment to "interrupt" or "to cause to cease for a time" the provisions of the contract, waiving all right of action after six months, but only to agree for a definite time—*i. e.,* "for thirty days from this date"—until

March 13, 1885, not to assert or exercise the right given it by the contract, and which each party knew would effectually accrue to it on the 18th day of February, 1885. After that date (March 13, 1885,) the right of defendant to avail itself of that provision of the contract was as effectual as if the limited concession had never been granted.

It must be borne in mind that this provision in the contract limiting the time within which an action may be brought on this policy of insurance is not a law or statute of limitations, and is in no sense governed by the rules of construction applicable to such statutes, or waivers of the same or *new promises.* (May on Insurance, Sec. 482.)

Such a provision is a *contract* between the parties; as much a contract as any other part of a policy of insurance or any other contract or agreement that parties *sui juris* can enter into. It is, then, to be construed just as any other contract; that is to say, according to the meaning of the words used by the contending parties, and the obvious intent and purpose to be attained. And any concession or qualification of the contract, any release or waiver of any part of it, is itself also a part of the contract, and the court cannot make a party waive or release any more of advantage, whether it be of profit or time, than he consented to release or waive. When one consents not to assert a right until March 13, 1885, the court makes a new contract for him, when it declares that he agreed to waive his right until March 20th.

Of this contract of limitation in an insurance policy Mr. Justice Field, in *Riddlesbarger* v. *Hartford Ins. Co.,* 7 Wall. 390, says: "The conditions in policies requiring notice of the loss to be given, and proofs of the amount to be furnished the insurers within certain prescribed periods, must be strictly complied with to enable the insured to recover. Now, it is not perceived that the condition under consideration stands upon any different footing. The contract of insurance is a volun-

tary one, and the insurers have a right to designate the terms upon which they will be responsible for losses.   And it is not an unreasonable term, that in case of a controversy upon a loss, resort should be had by the assured to the proper tribunal, whilst the transaction is recent and the proofs respecting it are accessible."   Therefore, under the strict construction given to such contracts, the plaintiff was obliged to sue within six months after the date of the alleged loss, or he could not recover at all; or else he must show that that original contract has been changed, or else that the insurance company has agreed, during a specified time, not to assert or avail itself of the provisions of the contract in this respect.   Such a concession is as much a contract as the original policy, and must be construed just as strictly.

The plaintiff is entitled to every moment given him by that concession, but as the defendant could not lessen it, so neither could the plaintiff extend it, even by the beating of a pulse. That contracts of limitation in policies of insurance are valid, and strictly to be construed, and that they may be modified, released, or waived, in whole or in part, for all time or for an express limited period, is seen from an inspection of the following authorities: Wood on Fire Insurance, sec. 434; May on Fire Insurance, secs. 478, 488; *Riddlesbarger* v. *Hartford Ins. Co. supra; Insurance Co.* v. *Norton,* 96 U. S. R., 234.

*H. Conrad* and *Wm. R. Alexander,* for the defendant in error.

LEWIS, P. (after stating the case), delivered the opinion of the court.

The question as to the validity of a condition in a policy of insurance that suit upon the policy shall not be brought, unless commenced within a stipulated time, less than the period

prescribed by the statute of limitations, is well settled. Such a condition was sustained by the Supreme Court of the United States in *Riddlesbarger* v. *Hartford Ins. Co.*, 7 Wall. 386, and to the same effect are numerous decisions of State courts of last resort. Wood on Fire Insurance, sec. 434, and cases cited.

The real, and indeed, the single, question in the case is as to the effect of the written waiver, of the 11th of February, 1885, set out in the replication to defendant's plea No. 2.

On that day only seven days remained of the six months' limitation contracted for in the body of the policy, and the defendant contends that the intention of the parties, and the effect of the language used in the written waiver, was merely to extend the time within which an action might be brought for thirty days from that date; that is, to add to the stipulated limitation twenty-three days, and no more. But we cannot concur in this view. If such had been the intention of the parties, it is quite probable it would have been expressed in terms unambiguous and too plain to be misunderstood; like, for example, the following: "The time within which an action may be brought on the within policy is hereby extended for thirty days from this date," or words to that effect. But no such language was used; and the language employed cannot be reasonably construed to have that effect. It is: "The provisions in this policy, &c., is hereby waived for thirty days from this date." "*The provision*" is waived; that is, the provision limiting the time for suit is *suspended* for thirty days, the effect of which was that the six months limitation ceased to run for thirty days, and began to run again at the expiration of that time, when seven days remained of the time stipulated for in the policy.

According to Worcester, waive is *to relinquish; to put off; to abandon.* According to Webster, it is *to relinquish; not to insist on or claim.* So that when, on the 11th of February, 1885, the parties agreed to waive the provision in the policy,

they agreed to relinquish or to abandon it for thirty days from that date.   In other words, they agreed to suspend its operation for thirty days, or to eliminate it, as it were, from the policy for that period.

Had the agreement, in the precise terms in which it is expressed, been entered into on the day of the alleged loss, when there were six months within which an action might have been brought, clearly it would either have had the effect already indicated, or it would have been meaningless and inoperative; and it could not be construed to be the latter, consistently with the rule *ut res valeat*, &c.   And if its effect, on the 18th of August, 1884, would have been to suspend the operation of the provision in question, why should its effect be different because it was entered into on the 11th of February, 1885?

We are not informed by the record what were the circumstances surrounding the parties at the time the agreement was entered into; but it is fairly inferable, from its language, that the intention was to give the plaintiff an additional period of thirty days within which to sue, if he should be so advised. But to the seven days next succeeding the date of the agreement the plaintiff was already entitled by virtue of his contract, and consequently they could not be conceded as a favor by the defendant.   Hence, to give effect to the probable intention of the parties, we must hold that the limitation provision in the policy was *suspended* for thirty days from the 11th of February, 1885, with seven days to run from the expiration of that period, to wit, from the 13th of March, 1885.

The result is that the action was commenced in time, and the judgment of the circuit court must be affirmed.

RICHARDSON, J., dissented.

JUDGMENT AFFIRMED.