## Staunton.

### VIRGINIA FIRE AND MARINE INS. CO. v. WELLS, TRUSTEE.

#### SEPTEMBER 23d, 1887.

FIRE INSURANCE—*Stipulation—Statute of limitations.*—Stipulation in policy limiting the period within which suit thereon shall be brought to a period shorter than the period prescribed in the statute of limitations for the institution thereof, is valid. *Va. F. and M. Ins. Co.* v. *Aiken*, 82 Va. 424.

Argued at Richmond.    Decided at Staunton.

Error to judgment of circuit court of Danville, rendered January 27th, 1886, in the action wherein George W. Wells was plaintiff, and the Virginia Fire and Marine Insurance Company was defendant. The defendant plead specially that by a stipulation in the policy, the time for bringing a suit thereon was limited to six months next after the loss, and that the suit had not been brought within that period. To this plea the plaintiff demurred, and the demurrer was sustained. Defendant asked that the verdict, which was for the plaintiff for $2,700, be set aside as contrary to the law, which was denied by the court, and the defendant excepted and obtained a writ of error and *supersedeas.* Opinion states the case.

*W. W. & B. T. Crump* and *B. B. Munford,* for the plaintiff in error.

*W. W. Henry* and *A. M. Aiken,* for the defendant in error.

RICHARDSON, J., delivered the opinion of the court.

On the twenty-seventh of May, 1882, Venable and Martin, merchants at Cascade, Va., obtained a policy of insurance on their stock of merchandise for one year from the Virginia Fire and Marine Insurance Company. This policy was renewed for one year from the twenty-seventh of June, 1883. With the company's approval, Venable and Martin assigned the policy, October 1st, 1883, to S. L. Martin & Co. The latter, on the twenty-first of March, 1884, procured an additional policy of $2,000 on said stock from the London and Lancastershire Company to cover their spring stock for sixty days, and gave notice thereof to one C. W. Venable, agent of the Va. F. & M. Ins. Co. This fact Venable communicated by letter to the company. On June 24th, 1884, Venable gave S. L. Martin & Co. his receipt as agent of this company for ninety dollars, for renewal of said policy therein, to be substituted by the company's receipt. On the next day the property was destroyed by fire. On investigation it was ascertained that, besides the additional insurance of $2,000, which expired May 22d, 1884, S. L. Martin & Co. had procured from the said English company another policy on the said stock, which was on it at the time of the fire. Of the last policy, it is not pretended that the Va. F. & M. Ins. Co. had any information, but it was claimed to have been a renewal of the first. After the fire in October, 1884, the assured made a deed of assignment, including their claim on this company, to G. W. Wells, as trustee, for the benefit of their creditors. Proof of the loss had been forwarded to the company in August, 1884. The company disclaimed all liability, but, with a view to avoid litigation, offered a compromise, which was not accepted. And on the sixth of February, 1885, Wells, as such assignee, instituted against the company an action of *assumpsit*, under section 44, chapter 36, Code 1873, to re-

cover $3,000, the alleged amount of the loss occasioned by the fire. To the declaration the defendant filed a demurrer, which was overruled. It filed also its plea of *non-assumpsit*, and two special pleas in writing.

The policy contained, among other things, a certain stipulation and agreement in the words following, namely: " That no suit or action shall be maintained in any court upon this policy, unless the same be instituted within six months next succeeding the day upon which the loss or damage is alleged to have taken place "; and the declaration alleged that the said property was destroyed by fire on the twenty-fifth day of June, 1884, whereby said loss was occasioned, whilst the suit was brought on the sixth day of February, 1885. These facts were set forth in the defendant's first special plea in bar of the plaintiff's action.

The policy also contained, among others, a stipulation and agreement in the words following, to-wit: "And the said loss or damage * * * * shall be paid to the assured sixty days after the receipt by the company of sufficient and satisfactory proof of loss, as required by the provisions of the policy."

The plaintiff demurred to the defendant's said first plea in bar, and the demurrer was sustained.

The defendant's second special plea in writing set up that S. L. Martin & Co. had taken out additional policies of insurance upon said stock without the consent of the company thereto endorsed upon the original policy, in violation of one of its stipulations. To this second plea the plaintiff filed his special replication to the effect that notice of said additional insurances had been given to the company, and that it agreed to dispense with the required endorsement of its consent on the policy, and afterwards renewed the policy with full notice that such insurances had been obtained. Upon this replication issue was joined.

During the trial, upon the plaintiff's motion, the court

gave to the jury two instructions, to which the defendant objected. The jury rendered a verdict for the plaintiff for $2,700, with interest from November 5th, 1884. The defendant moved the court to set aside this verdict as being contrary to the law and the evidence, but the court overruled the motion and entered judgment according to the finding of the jury. The defendant excepted to these rulings of the court, and on its application a writ of error and *supersedeas* was allowed by one of the judges of this court.

After careful examination into all the questions presented by the record, we are of opinion that only one of them need be considered, in the view we take of the case. That point is embraced in the second assignment of error. It is as to whether or not the trial court erred in sustaining the plaintiff's demurrer to the defendant's first special plea.

As already shown, that plea sets out that the policy stipulates that no suit or action shall be maintained in any court upon this policy, unless the same be instituted within six months next succeeding the day upon which the loss or damage is alleged to have taken place; and that this action was not instituted within six months next succeeding the day upon which the loss or damage is alleged to have taken place; but that the fire is alleged to have taken place on the 25th of June, 1884, and said action was not instituted until the sixth of February, 1885, and the plea concluded with a verification.

Of course the demurrer admits the facts averred in the plea, and only denies that those facts constitute a legal defence to the plaintiff's demand. The demurrer thus raises the question as to the validity of the condition relied on; and if it should be valid, then the question arises as to when the said period of six months should be considered as commencing.

The learned counsel for the defendant in error did not con-

tend in argument that a period of limitation less than that prescribed by statute cannot be agreed on in a policy. Nor could the contention have been successfully made; for the question is no longer an open one. In the case of the *Va. F. & M. Ins. Co.* v. *Aiken*, 82 Va. 424, where this very condition of limitation was under consideration, and where, though the main question was as to the effect of a written agreement between insurer and the insured extending the contract limitation, yet it was necessary to pass upon the validity of the limitation in question, and Lewis, P., said: "The question as to the validity of a condition in a policy of insurance, that suit upon the policy shall not be brought unless commenced within a stipulated time, less than the period prescribed by the statute of limitations, is well settled. Such a condition was sustained by the supreme court of the United States in *Riddlesberger* v. *Hartford Ins. Co.*, 7 Wall. 386; and to the same effect are numerous decisions of State courts of last resort. Wood on Fire Ins., § 434, and cases cited."

The contention of counsel for the defendant in error is, that the period of limitation does not commence until the right of action under the stipulation in the contract of insurance has accrued, and that as this could not have accrued before the twenty-fifth of August, 1884, sixty days after the fire, and the suit having been brought on the sixth of February, 1885, less than six months thereafter, the action was not barred by the limitation in the policy. And to sustain this insistance, counsel rely upon the further condition in the policy which postpones the loss or damages sustained for the period of sixty days after the receipt of proof thereof.

It is undeniable that a policy must be construed in reference to all its provisions, like any other contract. And it may not be gainsaid that the conditions of a policy should be construed, if possible, so as not to defeat the claim of

the assured, which, in effecting the insurance, it was his purpose to secure. But there is no sounder rule of construction than that "when the terms and stipulations in a contract are plain and clear, we are bound to adhere to the terms as the only authentic expression of the intention of the parties." None would be rash enough to claim that there is any obscurity or ambiguity in the language in which is expressed the prohibition to institute an action upon this policy after six months next succeeding the time when the loss is alleged to have taken place. The position is, that the sixty days during which the company is entitled to delay the payment of the loss incurred by the fire should be eliminated from the six months. Had such been the intention of the parties, how easy it would have been so to have expressed that intention. But there is nothing in the policy, which is clear and unambiguous in all its terms, to indicate any such intention.

It is within the experience of all men who have investigated the subject that insurances are, unfortunately, but too often the precursors of fires. Hence, the sixty days were obviously stipulated for by the company for its own benefit, convenience, and protection, so as to enable it to investigate the circumstances attending the fire by which the loss is alleged to have occurred, and thereby satisfactorily to ascertain its liability and to determine upon its course—whether, if there be no foul play, to rebuild or replace the destroyed property, or make good the loss in money, and possibly to provide the means of satisfying the demand of the insured, if it be honest, or, if not, to enable it to resist the claim.

The privilege of postponing for sixty days the payment of the loss could not have been intended merely to abridge the period of limitation. In *Va. F. & M. Ins. Co.* v. *Aiken, supra,* it was not contended that such was the intention. No such defense was offered. In fact, if such position had

been tenable, there was no necessity for controversy as to the nice question of a few days on which that case turned— the question there being as to the effect of the agreed extension of this very limitation. That case then turned, to some extent, at least, on the *concessum*, as it were, that the period that barred the action was six months next succeeding the occurrence of the fire, unless the provision was waived by the express agreement to *suspend* its operation. Only seven days remained of the six months next succeeding the day upon which the loss was alleged to have taken place. In this state of affairs it was agreed that said "provision be waived for thirty days." Then the question was whether or not the thirty days were to be exclusive or inclusive of the seven days. This court held that the provision was, by the express agreement, waived for thirty days exclusive of the seven days, and this barely brought the time of bringing the action in that case within the provision as influenced by the said waiver. Hence, the obvious bearing of that decision is in favor of the position of the plaintiff in error here, that the period of limitation began on the twenty-fifth of June, 1884, the day upon which the loss is alleged to have taken place.

The cases cited as authority for the position assumed by the counsel for the defendant in error are not appropriate to this case, the language of the provisions in the policies passed upon in those cases being different from the language of the provisions in the policy here under consideration. Besides, the decisions of the courts of several of the States sustain the construction contended for by counsel for the plaintiff in error, and which the plain language of this policy obviously demands.

In the case of *Johnson* v. *Humboldt Fire Ins. Co*, 91 Ill. 92, the supreme court of that State decided that "where a policy of fire insurance provides that no action shall be maintainable thereon until an award fixing the amount of

the claim, nor unless commenced within twelve months next after the loss should occur, the action must be brought within twelve months from the occurrence of the fire, and the time does not continue until twelve months after the award." In *Chambers* v. *Atlas Ins. Co.*, 51 Conn. 15—a case in which a fire insurance policy provided that losses should be paid in sixty days from receipt of proofs, and that no suit should be maintainable unless brought within twelve months after the loss occurred—held: "The twelve months must be reckoned from the day of the fire." See also *Tacker* v. *Ins. Co.*, 58 N. H. 469.

There can, then, be no hesitation in holding that the court below erred in sustaining the demurrer to the first special plea of the defendant below, the plaintiff in error here, and holding that the plaintiff's action was not barred when brought. For this error the judgment must be reversed and annulled, with costs to the plaintiff in error. And as this ruling necessarily disposes finally of this action, a judgment will be entered here such as the court below should have entered.

HINTON, J., DISSENTED.

JUDGMENT REVERSED.