## Board of Supervisors of Fairfax County

### v.

## Harold H. Sampson, et al.

Record No. 851001

June 10, 1988

Present: All the Justices

*A. Robert Cherin, Senior Assistant County Attorney (David T. Stitt, County Attorney*, on briefs), for appellant.
*George F. Trowbridge, Jr.* for appellees.

COMPTON, J., delivered the opinion of the Court.

The sole question we decide in this contract action is whether the suit is barred because the plaintiff failed to bring the action in accordance with the timetable established by the parties' agreement.

The contract in issue arose against the background of a dispute between Fairfax County and a real estate developer over alleged defaults by the developer in completion of certain improvements at the Vernon-on-the-Potomac subdivision situated in the County. In 1976 and 1977, appellees Harold H. Sampson, C. Samuel Haines, III, and P-H Riverside, Inc. (collectively, the developer), executed agreements and bonds for certain work which was to be completed at the subdivision within 1978. The County claimed the developer failed properly to construct and to install all the re-

quired improvements and facilities in accordance with the agreements. In 1981, the County awarded contracts to complete the work allegedly left undone by the developer which, according to the County, cost $84,998.84. The County did not file suit to enforce its claim relating to that subdivision and the dispute remained unresolved.

In 1984, the developer sought County approval of a subdivision plan and bond for another project situated in the County, D'Evereux West. The pertinent ordinance provided that new subdivision bonds would not be approved for applicants who were in default under prior bonds until the violation was "in the process of being corrected." In an effort to resolve the dispute about Vernon-on-the-Potomac and to cure those alleged defaults, appellant Board of Supervisors of Fairfax County and the developers entered into the contract that is the subject of the present litigation. The developer asserts, and the County does not disagree, that the one-year or five-year statutory limitation periods on the County's claim for expenditures at Vernon-on-the-Potomac had expired when the contract in issue was executed. *See* former Code § 11-23 (repealed Acts 1982, ch. 647) and § 8.01-246(2).

The contract, executed April 19, 1984, recited the foregoing history and contained the following covenants that are relevant to this appeal. The agreement provided that the developer would furnish an irrevocable bank letter of credit in the amount of $85,000. This instrument was to be "callable by Fairfax County upon receipt of a final judgment . . . from a court of competent jurisdiction or upon agreement between" the developer and the County on the amount properly due under the Vernon-on-the-Potomac bonds. The contract provided that the letter of credit would have an initial term of six months "to be extended for successive periods of six months so long as a suit" was pending to resolve the dispute.

Next, the contract contained the conditions which are the root of the present controversy. It provided that within one month from the date the agreement was executed by the County, the developer "shall submit" to the County the developer's "estimate of the cost to complete the items covered by the Vernon-on-the-Potomac bonds." Next, the agreement provided that the County "will respond" to the developer's estimate "within one month from the date of receipt of said estimate." Next, the contract provided, "In the event that a resolution is not reached sooner, Fairfax County will file suit to resolve the Vernon-on-the-Potomac bond dispute

within one month following its response to the [developer's] cost estimate."

In addition, the contract provided that the County would "accept and approve" the bond for D'Evereux West and that the County would not "refuse future bonds" to the developers "based upon any default occuring [sic] prior to April 1, 1984."

Finally, the contract provided that the developer would not contest the County's authority to require the subject bonds under Code § 15.1-466(f). It also provided that the developer would not plead the statute of limitations in any action to enforce the developer's obligations on the bonds, or claim "that the Bonds have been released based upon actions taken by Fairfax County or its agents in constructing improvements at Vernon-on-the-Potomac." The developer reserved the right "to contest whether specific items are properly bondable" or "whether improvements are included in the subject bond."

As required by the contract, the developer submitted its cost estimate on May 15, 1984. The County did not respond to the cost estimate. The letter of credit was extended in October 1984. Because the bank notified the County that the letter of credit would not be further extended past April 16, 1985, the County filed the present action on April 10, 1985. The County alleged that the Vernon-on-the-Potomac dispute still was unresolved, asserted that the action was based upon the April 1984 contract, and sought recovery against the developer for the $84,998.84.

Subsequently, the developer filed a motion for summary judgment. It asserted that despite submission of its estimate in accordance with the contract, the County had failed either to respond as required by the contract or to bring an action within the time period established by the agreement. The developer contended that the "outside date for the County to file suit under the Agreement was July 19, 1984." Thus, the developer asserted, the "County's failure to file within the agreed time frame bars the subject action."

After several hearings, the trial court agreed with the developer, granted the motion for summary judgment, and dismissed the action. We awarded the County this appeal from the September 1985 final order.

At the petition stage of this appeal, the developer filed a motion to dismiss upon the ground that the appellant County had failed to file a Rule 5:11 transcript or statement of facts in connection

with the summary judgment hearings at which, among other things, certain admissions had been made to the trial court by the County's attorney. In response to the motion to dismiss, the County, while denying existence of any binding "admissions," asserted that the issues on appeal "are legal in nature" and elected to rely on the original pleadings and documents attached to the pleadings, without inclusion of any Rule 5:11 material. Accordingly, we denied the motion to dismiss at the petition stage.

■ The parties continue to inject factual recitations into the appeal that are not supported by the record. We cannot consider that information. Thus, we do not reach for decision issues of waiver and estoppel raised by the County which depend, in part, upon consideration of facts not properly included in the meager record on appeal. We decide the appeal on the basis of the pleadings and exhibits, from which we have compiled the foregoing factual summary.

Addressing the question properly presented, the County argues the trial court erred in ruling that failure to comply with the timetable established by the parties' agreement barred the County's action. The County contends that the covenants fixing the time limits were "subordinate conditions" of the contract which were "severable." Further, the County argues that the trial court rewrote the contract by providing a penalty clause where none existed thereby "creating a windfall for [a developer] who had already conceded liability for damages." The County says that the contract established clearly the developer had defaulted on the prior bonds and that the purpose of the contract was "to set up a mechanism to determine the extent of the damages." We do not agree with the County's contentions.

■ Parties to a contract properly may agree that a claim under the contract must be enforced within a shorter time limit than that fixed by statute if the contractual provision is not against public policy and if the agreed time is not unreasonably short. These are questions of law to be determined by the court. *Missouri, Kan. & Tex. Ry.* v. *Harriman*, 227 U.S. 657, 672 (1913); *State* v. *Evans*, 47 Tenn. App. 1, 13-14, 334 S.W.2d 337, 342 (1959); IA Corbin on Contracts § 218 at 311 (1963); 1 Williston on Contracts § 183 at 710-11 (3d ed. 1957). *See Liquid Carbonic Co.* v. *Norfolk & W. Ry.*, 107 Va. 323, 326-30, 58 S.E. 569, 570-72 (1907). Such reduced time limits often have been sustained in insurance policies. *See Virginia Fire and Marine Ins.*

*Co.* v. *Wells*, 83 Va. 736, 739-40, 3 S.E. 349, 350-51 (1887). *See also* Code § 8.2-725(1) (in contracts for the sale of goods, parties may reduce the four-year period of limitation to not less than one year but may not extend it). There is no contention here that the contractual time limits are against public policy or are unreasonable.

According to Code § 8.01-229(G)(1), the effect of a "new promise in writing" is to begin the running of a new statute of limitations permitting suit "within such number of years after such promise as it might be maintained if such promise were the original cause of action." Nevertheless, consistent with the foregoing rule, the new promise may be governed by a shorter, private contractual period in lieu of the statutory period of limitations. This is such a case.

According to the recitations in the contract, the primary purpose of the agreement was to resolve promptly an ongoing dispute between the County and the developer. The County had lost its right to sue on the claim by the passage of time. The developer was being prevented from engaging in construction activity in the County because the ordinance allowed the County's agents to withhold approval of new bonds until the prior dispute was resolved. Therefore, the County sought quickly to obtain reimbursement for expenditures at Vernon-on-the-Potomac and the developer was anxious to begin work on D'Evereux West immediately.

Upon examination of the language of the contract and the subject matter of the agreement to determine the intention of the parties, we hold that the time limits fixed in the contract were essential to the entire agreement, the conditions being interdependent and not severable. *See Eschner* v. *Eschner*, 146 Va. 417, 422, 131 S.E. 800, 802 (1926). This is demonstrated by the following interrelated provisions. The respective estimates of costs were to be furnished within two months of the date the agreement was executed. If the parties could not agree on the amount due, then the County was to file suit at the latest within three months of the date the agreement was executed. If suit was filed, provisions were made for extension of the initial term of the letter of credit to provide financial security for the County while the suit was pending. Consistent with the parties' aim and expectation promptly to resolve their differences, the agreement required the County to approve the bond for D'Evereux West, enabling the developer to proceed with that project. The developer agreed not to plead the

statutory limitation period applicable to the County's barred original claim but reserved the right to contest whether certain items were, in fact, covered by the bonds.

Yet, despite the clear contract provisions, the County chose to disregard essential, interdependent conditions. It did not respond timely to the developer's estimate and it did not file this action according to the contract timetable.

■ Accordingly, there being no material facts genuinely in dispute, we conclude that the trial court did not err in ruling that the County's claim was barred and in entering summary judgment in favor of the developer. The trial court did not rewrite the parties' agreement. It merely enforced the contract according to the plain contract language.

Hence, the order appealed from will be

*Affirmed.*