**Ira KOONAN, Administrator of the Estate of Lisa Koonan,**

v.

**BLUE CROSS & BLUE SHIELD OF VIRGINIA.**

Civ. A. No. 4:92cv00070.

United States District Court,
E.D. Virginia,
Newport News Division.

Sept. 30, 1992.

Stephen C. Swain, Clark & Stant, Virginia Beach, Va., for plaintiff.

Jeanette Dian Rogers, Blue Cross & Blue Shield of Virginia, Legal Dept., Richmond, Va., for defendant.

## OPINION AND ORDER

DOUMAR, District Judge.

This case comes before the Court on the motion of defendant, Blue Cross and Blue Shield of Virginia, for summary judgment. Plaintiff, Ira Koonan, brought suit on a group health plan contract obtained through his employer, Offsite International, Inc., and issued by defendant. Plaintiff seeks damages for defendant's refusal to pay claims arising out of the treatment of plaintiff's terminally ill wife in July, August, and September of 1989. The issue presented by this case is whether plaintiff's action is barred by the one year limitation of actions provision of the group health plan contract.

Under the terms of that contract, "[n]o action at law or suit in equity may be brought against the Plan more than twelve (12) months after the date on which the cause of action accrued with respect to any matter relating to ... this Contract [or] the Plan's performance under this Contract...." Plaintiff contends that the limitation period is not a valid contractual provision applicable to this case, but counsel for plaintiff conceded at oral argument that plaintiff failed to comply with the contractual limitation period. Unless the contractual limitation provision is invalid, therefore, plaintiff's suit is time barred.

As an employer provided group health plan, the contract at issue in this case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.S. §§ 1001–1461 (Law.Co-op.1990). ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C.S. § 1144(a). ERISA preemption extends to state common law causes of action when such actions relate to an employee benefit plan. *E.g., Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (holding state common law action for tortious breach of contract is

not within savings clause and is, therefore, preempted by ERISA).

ERISA does not provide a statute of limitations applicable to plaintiff's claim, however. In the absence of an ERISA mandated limitation period, courts must generally "look to state law for an analogous limitation provision to apply." *Dameron v. Sinai Hosp. of Baltimore, Inc.*, 815 F.2d 975, 981 (4th Cir.1987). In this case the group health plan contract itself establishes the limitation period: suit must be brought not later than one year after the cause of action accrued. In a recent unreported ERISA decision, this Court, after referring to Virginia law, enforced an identical one year contractual limitation period thus barring the plaintiff's action to recover unpaid medical benefits. *See Payne v. Blue Cross & Blue Shield of Virginia*, No. 91–00156 (E.D.Va. June 3, 1991).

Plaintiff claims, however, that "analogous" Virginia law would not permit the enforcement of a one year contractual limitation period. On the contrary, plaintiff asserts that a Virginia statute requires that he be provided five years after his cause of action accrued to bring suit. *See* Va.Code Ann. § 8.01–246(2) (Michie 1992) (statute of limitations for "[p]ersonal actions based on contracts"). Alternatively, plaintiff contends that another Virginia statute entitles him to bring suit within three years after proof of loss was required to be filed. *See* Va.Code Ann. § 38.2–3540 (Michie 1990) (requiring group accident and sickness policies to state that legal action may not be brought after such period has expired).

Virginia's highest court long ago recognized the right of parties to contract in insurance policies for a shorter limitation period than that provided by the statute of limitations. In *Virginia Fire & Marine Insurance Co. v. Wells*, 83 Va. 736, 3 S.E. 349, 350 (1987), the Supreme Court of Appeals upheld a contractual limitation period in an insurance policy and stated that the question whether parties may contract for a shorter limitation period than provided by law is "no longer an open one." *Accord*

*Riddlesbarger v. Hartford Ins. Co.*, 74 U.S. (7 Wall.) 386, 390, 19 L.Ed. 257 (1869) (upholding a one year limitation period in an insurance policy and stating "there is nothing in [the] language or object [of statutes of limitation] which inhibits parties from stipulating for a shorter [limitation] period ...").

In a more recent construction case, the Virginia Supreme Court reconfirmed that parties may contract for shorter limitation periods than fixed by law. *See Board of Supervisors v. Sampson*, 235 Va. 516, 369 S.E.2d 178 (1988). In *Sampson*, the court stated that parties may agree to contractual limitation periods "if the contractual provision is not against public policy and if the agreed time is not unreasonably short." *Id.* at 180. The *Sampson* court specifically noted that "[s]uch reduced time limits often have been sustained in insurance." *Id.* (citing *Virginia Fire & Marine Ins. Co.*, 3 S.E. at 350–51).

This Court is aware of no public policy of the United States or Virginia which would prevent enforcement of a one year contractual limitation period. Indeed, in Virginia the issue has already been addressed by statute which provides that "[n]o provision in any insurance policy shall be valid if it limits the time within which an action may be brought to *less than one year* after the loss occurs or the cause of action accrues." Va.Code Ann. § 38.2–314 (Michie 1990) (emphasis added). By implication, the Virginia General Assembly views limitation periods of one year or more to be valid. Thus, the one year limitation period in the group health plan contract must be enforced as a valid contractual provision which violates no state or federal public policy.

The Court holds that plaintiff's action is barred by the one year limitation of actions provision in the group health plan contract. Accordingly, this Court GRANTS defendant's motion for summary judgment. Judgment is hereby entered for the defendant.

IT IS SO ORDERED.