**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

YATES CONSTRUCTION COMPANY,
INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.

FAIRFAX COUNTY WATER AUTHORITY,         No. 96-1946
<u>Defendant-Appellee,</u>

and

AMERICAN CAST IRON PIPE COMPANY,
<u>Third Party Defendant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1449-A)

Argued: May 7, 1997

Decided: June 19, 1997

Before RUSSELL and HALL, Circuit Judges, and
TRAXLER, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Timothy Francis Brown, WATT, TIEDER & HOFFAR,
L.L.P., McLean, Virginia, for Appellant. Stuart A. Raphael, HUN-

TON & WILLIAMS, McLean, Virginia, for Appellee. **ON BRIEF:**
Robert G. Watt, Thomas J. Powell, WATT, TIEDER & HOFFAR,
L.L.P., McLean, Virginia, for Appellant. Thomas J. Cawley, HUN-
TON & WILLIAMS, McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Yates Construction Company, Inc., appeals the district court's
order granting summary judgment to the Fairfax County Water
Authority in Yates' contract action. We affirm.

I

In 1989, the Authority contracted with Yates for the installation of
11,385 feet of water pipeline. This $4,000,000 contract set a comple-
tion date of March 14, 1990. Because of various delays, the project
was not completed until February 17, 1992. In an August 18, 1989,
letter complaining of one such delay caused by the Authority's failure
to obtain an easement, Yates noted that the Authority

> should expect that we will request that we be compensated
> for extra costs due to such delays. At this time, we do not
> know that extent of the delays to the project or the amounts
> of any associated costs, when such has been determined, the
> information will be communicated to you.

However, during the construction of the pipeline, only one specific
claim -- $10,490 in increased costs for leasing a Komatsu excavator
-- was made for damages arising out of a delay attributable to the
Authority.

On September 5, 1991, nine months after beneficial use was achieved, Yates submitted a detailed request for some $494,000 in extra costs, primarily for additional work. Only a single delay claim -- the Komatsu excavator claim -- was included. On September 16, 1991, Yates wrote that it was "computing damages for delays over and above those costs submitted for additional work."

Almost four years later, in April, 1995, Yates made an administrative claim for an additional $2,492,783, which comprises the $494,000 in the 1991 claim, plus $2,000,000 for delay-related costs.[1] After the claim was denied administratively, Yates filed this diversity action. The district court granted summary judgment to the Authority on Yates' delay claims on the ground that the contract required that notice be given within five days of the event giving rise to the claim and that substantiation of the claim be submitted within twenty days thereafter. Yates appeals.

II

The Virginia Public Procurement Act, Va. Code Ann.§ 11-35 et seq. (Michie 1993), applies to contracts between public entities and private companies. Subsection 11-69(A) provides:

> Contractual claims, whether for money or other relief, shall be submitted in writing no later than sixty days after final payment; however, written notice of the contractor's intention to file such claim shall have been given at the time of the occurrence or beginning of the work upon which the claim is based. Nothing herein shall preclude a contract from requiring submission of an invoice for final payment within a certain time after completion and acceptance of the work. . . . Pendency of claims shall not delay payment of amounts agreed due in the final payment.

_____

[1] Va. Code § 11-69(B) requires that public bodies "include in [ ] contracts a procedure for the consideration of contractual claims" by an administrative body prior to filing a court action. Yates' delay claims were denied administratively because they were filed too late, which is the same basis of the district court's ruling.

Yates' argument is that the sixty days is the only limit on when claims can be filed and, inasmuch as final payment was never received prior to the 1995 claim,[2] this 60-day period had not even begun to run. The Authority argues that the 60-day limit is akin to a statute of repose that establishes an absolute point beyond which no claims whatsoever can be filed, but that it is no bar to other agreed upon limits. Moreover, the Authority contends that Yates never gave notice of its intent to claim anything approaching $2,000,000 in delay damages prior to the 1995 claim. The district court agreed with the Authority.[3]

The focus of the appeal is the legal validity of the contractual 25-day claim period. It is clear that a party cannot waive provisions that are specifically set out in the Act. See Schlosser v. Board of Supervisors, 428 S.E.2d 919 (Va. 1993) (dispute mechanism set out in Act requires disinterested person to hear appeals, and private contractor could not contract with the county to have his administrative appeal heard by county executive). Yates' statutory interpretation arguments fail to convince us that the legislature intended that the 60-day limit be the expression of a specific and unalterable policy that preempts all other time limits regarding the filing of claims.

The Public Procurement Act embodies important policy considerations designed to protect both private contractors and public agencies. If a contractor has claims he intends to make, it makes perfect sense to require that the agency be informed about them early on so that the agency can mitigate future damages. The Virginia Supreme Court has recognized that the Act's time limits can be modified by agreement. See Board of Supervisors v. Sampson , 369 S.E.2d 178, 180 (Va. 1988) ("Parties to a contract may agree that a claim under the contract must be enforced within a shorter time limit than that fixed by statute if the contractual provision is not against public policy and if the agreed time is not unreasonably short.").

_____

[2] The Authority was retaining $111,000 from final payment to cover claims it had against Yates.
[3] Yates' complaint contained other claims that were eventually settled prior to this appeal being filed. The Komatsu excavator claim was included in the settlement.

4

Additional support for the Authority's position can be found in the legislative history of the Act. For example, the Advisory Committee noted that "[t]he emphasis in the legislation is upon prompt identification and disposition of contractual claims. For that reason, the legislation requires submission of claims no later than 60 days after final payment." Office of the Sec'y of Admin. & Finance, Final Report: Virginia Procurement Law Study (Nov. 1, 1980). Neither the terms of § 11-69(A) itself nor the policies underlying the Act foreclose all other time limits upon which the parties might agree.

Yates' backup argument is that twenty-five days is an unreasonably short period in which to substantiate delay claims because the full cost of a given delay is often not calculable until after the project is completed. The contractual limits, however, do not require precision. Here, we have a four-year period between the last delay-related event and the first notice of the disputed delay claims. Yates does not contend that it needed all that time to compute its claims, and, while twenty-five days might be unreasonably short in a given setting or with respect to a particular claim, there has been no such showing in this case.

The judgment below is affirmed.

AFFIRMED

5