# CIRCUIT COURT OF THE CITY OF WINCHESTER

Kremer Oil Corp.

v.

Ernest L. Nesselrodt

July 25, 1997

Case No. (Law) 96-247

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendant's Plea of the Statute of Limitations and Demurrer to a motion for judgment seeking to recover all or part of the costs of removal of an underground petroleum storage tank. Upon consideration of the parties' argument and memoranda of authorities, the Court has made the following decision to sustain the plea of the statute of limitations and demurrer.

## I. *Statement of Material Facts*

The following facts are established by the parties' pleadings.

Kremer Oil Corporation is a Virginia corporation in Winchester, Virginia, and is the assignee of a commercial sales agreement between the Defendant, Ernest L. Nesselrodt, and Cities Service Oil Company regarding an underground fuel storage tank in the City of Winchester.

The contract in question was entered into on October 15, 1965. Paragraph 15 of the contract provided in pertinent part as follows:

[A]ll claims ... causes of action ... arising hereunder ... shall be asserted by a judicial proceeding instituted within six months of the date of the act or omission giving rise to, or to which such claim ... suit ... pertains, and any suit, cause of action ... not instituted by a judicial proceeding within such time shall be forever waived, barred and released.

Under the 1965 contract, the equipment, which included the underground storage tank, remained the property of Kremer and his predecessor, and "[u]pon termination of this agreement the Customer [Nesselrodt] shall be obligated to return the equipment ...." Upon termination, the customer was to return the equipment "f.o.b. Company's truck."

On April 15, 1974, Kremer's predecessors in interest conveyed to third parties the property containing the underground tank and reserved the "right to maintain a one thousand gallon underground oil tank" on that property for so long as Nesselrodt's business occupied the adjoining premises.

Nesselrodt moved his business, and the owner of the property which contained the tank asked Kremer to remove the tank pursuant to the 1974 deed provisions. On or about September 14, 1994, Kremer Oil removed the underground storage tank which was the subject of the October 15, 1965, contract and whose costs of removal has given rise to the present litigation.

On May 6, 1994, Kremer wrote a letter to Nesselrodt demanding that Nesselrodt pay the costs which Kremer had incurred in removing the tank of $8,196.25. Nesselrodt refused.

On October 17, 1996, Kremer filed the present Motion for Judgment against Nesselrodt alleging breach of contract based on the October 15, 1965, contract, and, in the alternative, seeking contribution from Nesselrodt for the cost of the removal of the tank because Nesselrodt was "the 'operator' of the tank and underground storage system located at 28 West Cork Street as defined under Virginia law, including Article 9 of Title 62.1 of the Code of Virginia ...."

The last sale of petroleum products to Nesselrodt under the October 15, 1965, contract was on February 21, 1989, and there is no evidence or averment that Nesselrodt operated the tanks after that last shipment was depleted.

Nesselrodt has filed a Demurrer and Plea of the Statute of Limitations to the Motion for Judgment.

## II. *Conclusions of Law*

### 1. *Statute of Limitations*

"Parties to a contract may agree that a claim under the contract must be enforced within a shorter time than that fixed by statute if the contractual provision is not against public policy and if the agreed time is not unreasonably short. These are questions of law to be determined by the court." *Board of Supervisors v. Sampson*, 235 Va. 516, 520-21, 369 S.E.2d 178, 180 (1988). *See also* 51 Am. Jur. 2d, *Limitation of Actions*, § 64. The October 15, 1965, contract contained a contractual statute of limitations of six months which this Court finds is not barred by public policy of the Commonwealth of Virginia, *see e.g,* Virginia Code § 8.01-380 (nonsuited action must be filed within six months) and Virginia Code § 43-17 (bill to enforce mechanic's lien must be filed within six months of filing the memorandum of lien). The Plaintiff argues that the Uniform Commercial Code, Virginia Code § 8.2-725 applies, which provides that a contract for the sale of goods may not have a contractual statute of limitations less than one year; therefore, the six month contractual limitation contained in the 1965 agreement has been abrogated by operation of law.

The Uniform Commercial Code in Virginia went into effect January 1, 1966, Virginia Code § 8.11-103. Generally the Uniform Commercial Code when passed applied "to transactions entered into and events occurring after that date. Transactions validly entered into before the effective date and the rights, duties, and interests flowing from them remain valid thereafter and may be terminated, completed, consummated, or enforced as required or permitted by any statute or other law amended or repealed by the Code as though such repeal or amendment had not occurred. Thus, the Code does not have a retroactive effect ...." 15A Am. Jur. 2d, *Commercial Code*, § 9. Moreover, even where deemed to have an effect, the only effect of the Uniform Commercial Code, if it did apply, would be to expand the contractual statute of limitations to the one year permitted under the code. Therefore, any contract right of action for the removal costs based upon the October 15, 1965, contract between the parties and their predecessors in interests is barred by the contractual statute of limitations.

### 2. *Contribution*

Count II of the Motion for Judgment is a claim for contribution. The Amended Motion for Judgment does not state what acts give rise to the right

of contribution other than that the Defendant "was the 'operator' of the tank and underground storage system located at 28 West Cork Street as defined by Virginia law." Virginia Code § 62.1-44.34:8, which went into effect July 1, 1987. The Defendant maintains that he was not an operator within the meaning of Virginia Code § 62.1-44.34:8, because he did not operate the underground storage tank after February 21, 1989. Both § 62.1-44.34:8 and the regulations, 9 VAC 25-580-110, define an operator as "any person in control of, or having responsibility for, the daily operation of the underground storage tank (the regulation adds the word 'system'." Neither the statute nor the regulations mention former operators. The statute and regulations are clear and unambiguous. "If a statute is clear and unambiguous, a court will give the statute its plain meaning." *Loudoun County Dept. of Soc. Services v. Etzold*, 245 Va. 80, 425 S.E.2d 800 (1993). Where the statute is clear, the court may not "resort to legislative history and extrinsic facts" to interpret words whose meaning is clear; it must "take the words as written" and give them their plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84 (1985). The Virginia Supreme Court is very reluctant to read requirements or additions into statutes which are not expressed. *See Makarov v. Commonwealth*, 217 Va. 381, 228 S.E.2d 573 (1971).

"The right of contribution has ... been defined as the right of one who has discharged a common liability or burden to recover of another, also liable, the portion which he ought to pay or bear ...." 18 Am. Jur. 2d, *Contribution*, § 1. As the Supreme Court noted in *Allstate Ins. Co. v. USAA*, 249 Va. 9, 12, 452 S.E.2d 859 (1995):

> The right to contribution as such does not arise out of any express contract or agreement between the parties to indemnify each other, but is based on the broad principles of equity that where two or more persons are subject to a common burden it shall be borne equally, since the law implies a contract between them to contribute ratably towards the discharge of the obligation. But in order to enforce contribution the payment must have been made by one obligated to pay the whole, as between himself and the payee, but only bound to pay a proportionate part as between himself and his co-obligors.

quoting *Midwest Mut. Ins. Co. v. Aetna Cas. & Sur. Co.*, 216 Va. 926, 929, 223 S.E.2d 901 (1976), quoting *Wiley N. Jackson Co. v. City of Norfolk*, 197 Va. 62, 66, 87 S.E.2d 781, 784 (1955).

A common obligation or duty imposing joint and several liability on the joint obligors to a third party is the wellspring from which a right of

contribution flows after one obligor or tortfeasor has discharged the common obligation to the third party. Examples of factual scenarios to which the principle of contribution applies are co-obligors under a contract or note, joint tortfeasors, and tenants in common of property. *See generally* Restatement of Restitution § 81. Since the statute of limitations has run on any contract right for the costs of removal pursuant to the October 15, 1965, contract and since Nesselrodt never owned the property on which the underground tanks were situate or the tank itself, the only potential right of contribution would be one imposed by statute on Nesselrodt, because he was a former operator of the underground tank as the Plaintiff claims in Count II of its Amended Motion for Judgment. *See* 18 Am. Jur. 2d, *Contribution*, § 10.

To determine whether a contribution action may lie between parties, the nature of the allegedly common obligation and the time at which it came into existence must be examined to determine whether a common duty to a third party existed, which one of the liable parties has paid in full. *Allstate Ins. Co. v. USAA*, 249 Va. 9, 12, 452 S.E.2d 859 (1995). "[T]he inchoate right to contribution … arises at the time of the wrongful act and the full development of the right to recover contribution that arises only after payment of an unequally large share of the common obligation." *Gemco-Ware, Inc. v. Rongene Mold and Plastics*, 234 Va. 54, 57, 360 S.E.2d 342 (1991). Accordingly, the facts as they existed in October 1994, when Kremer removed the tank, must be examined to determine whether Nesselrodt was jointly liable for the removal of the underground tanks by virtue of any statutory or regulatory duty imposed on him at that time.

Virginia Code § 62.1-44.34:8 states that " 'Operator of an underground storage tank' means any person in control of, or having responsibility for, the daily operation of the storage tank." The regulations governing the removal of underground storage tanks promulgated by the State Water Control Board, 9 VAC 25-580-310, *et seq.*, went into effect on October 25, 1989, which is eight months after Kremer's last delivery to Nesselrodt, so a question exists as to whether the regulations have any application to this case. However, assuming arguendo that the regulations do apply, there is no provision in the State Water Control Act, Article 9, Title 62.1, or in the regulations promulgated under that Act, which expressly provides for a right of contribution from a former operator of the underground tank to the owner of the tank when the tank is ultimately removed, nor is there any state statute or regulation from which such a right of contribution against a former operator may be fairly inferred. While the regulations do impose duties on the owner and the operator at the time of removal, 9 VAC 25-590-320, in 1994 when the tank was removed, Nesselrodt was not the operator of the underground storage tank within the meaning of the

regulatory definition; he was a former operator. Kremer was the owner of the tank, and he was asked to remove the tank at the request of private landowners pursuant to the 1974 deed provisions and not pursuant to any order or direction of the State Water Control Board. "If, as between the co-obligors, the claimant's [Kremer's] obligation is primary and that of the defendant [Nesselrodt] is only secondary, the former cannot have contribution; no right of contribution … arises as a general rule, between parties who are obligated, though to the same person or upon the same transaction, severally and successively, instead of equally under a common burden." 18 Am. Jur. 2d, *Contribution*, § 10. Therefore, Nesselrodt is not liable for contribution for the costs of removal of the underground tank.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. The Defendant's Plea of the Statute of Limitation is sustained as to the contract count, Count I of the Amended Motion for Judgment.

2. The Defendant's Demurrer is sustained as the Contribution Count, Count II of the Amended Motion for Judgment.

3. The Motion for Judgment is dismissed with prejudice.

This is a final order, and the Clerk is directed to place this file among the ended causes.