**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2405

BENJAMIN BELROSE,

             Plaintiff - Appellant,

       v.

THE HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Leonie M. Brinkema,
District Judge. (1:10-cv-00764-LMB-TRJ)

Argued: January 26, 2012          Decided: April 13, 2012

Before KING and DUNCAN, Circuit Judges, and J. Michelle CHILDS,
United States District Judge for the District of South Carolina,
sitting by designation.

Affirmed by unpublished opinion.   Judge Childs wrote the
opinion, in which Judge King and Judge Duncan joined.

**ARGUED:** Susan A. Leslie-Fraser, LAW OFFICE OF SUSAN LESLIE-
FRASER, Warrenton, Virginia, for Appellant.   David Edward
Constine, III, TROUTMAN SANDERS, LLP, Richmond, Virginia, for
Appellee.   **ON BRIEF:** Laura D. Windsor, TROUTMAN SANDERS, LLP,
Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

CHILDS, District Judge:

Benjamin Belrose ("Belrose") appeals the district court's order granting Hartford Life & Accident Insurance Company's ("Hartford") motion to dismiss[1] Belrose's action challenging the termination of his long-term disability benefits. We affirm.

Belrose became a full-time employee of the Camber Corporation ("Camber") on August 1, 2002, and became eligible for disability benefits under the Camber Group Benefit Plan (the "Plan") provided to employees through Hartford.

On September 10, 2002, Belrose underwent arthroscopic knee surgery. As a result, Belrose began receiving short-term disability benefits under the Plan in September 2002. After his surgery, Belrose received a diagnosis of aortic valve disease, coronary angina, and coronary artery disease. In December 2002, as a result of his heart condition, Belrose applied for and began receiving long-term disability benefits under the Plan. Belrose received the benefits until October 5, 2005, when

---

[1] Belrose incorrectly states in his brief that the district court granted summary judgment. J.A. 8. In granting Hartford's motion to dismiss, the district court considered the Camber Group Benefit Plan document which Hartford attached to its motion. Although Belrose did not attach the Camber Benefit Plan to his complaint, it was not improper for the district court to consider the document "in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because [Belrose does] not challenge its authenticity." Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

Hartford terminated the benefits. Belrose appealed the termination of the benefits. The decision to terminate Belrose's benefits was affirmed on administrative appeal, and Hartford issued a final denial letter to Belrose on June 14, 2006.

Belrose filed a complaint against Hartford in the United States District Court for the Eastern District of Virginia, at Alexandria on July 9, 2010. Belrose brought a cause of action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, regarding termination of his long-term disability benefits. Hartford filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the limitations period within which Belrose could file suit had expired. The district court granted Hartford's motion. Belrose now appeals.

We review de novo a district court's order granting a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). Like the district court, we "must accept as true all of the factual allegations contained in the complaint." CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 51 (4th Cir. 2011) (quoting Erikson v. Pardus, 551 U.S. 89, 94 (2007)). Further, "we draw all reasonable inferences in favor of the plaintiff." Id. (quoting

3

Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009)).

"'[W]here facts sufficient to rule on an affirmative defense'—including 'the defense that the plaintiff's claim is time-barred'—'are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6).'" Pressley v. Tupperware Long Term Disability Plan, 553 F.3d 334, 336 (4th Cir. 2009) (citing Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)).

The policy at issue is an employee benefit plan, which is governed by ERISA. The cause of action available to those seeking benefits due under an ERISA plan does not specify a statute of limitations or a time of accrual. See 29 U.S.C. § 1132 (2000). Generally, ERISA allows plans the flexibility to set their own limitations periods. White v. Sun Life Assur. Co. of Canada, 488 F.3d 240, 250 (4th Cir. 2007). However, where a plan does not contain a valid limitations period, courts may apply the applicable state statute of limitations. See id. at 250 n.4 ("In the absence of a valid contractual provision governing limitations, we borrow a limitations period from the law of [the state] . . . ."); Dameron v. Sinai Hosp. of Baltimore, Inc., 815 F.2d 975, 981–82 (4th Cir. 1987) (applying the applicable state statute of limitations). Regarding the date of accrual of a limitations period in an ERISA plan, we

4

have held that despite the terms of accrual which may be contained within the plan, "[a]n ERISA cause of action does not accrue until a claim of benefits has been made and formally denied." White, 488 F.3d at 246 (citing Rodriguez v. MEBA Pension Trust, 872 F.2d 69, 72 (4th Cir. 1989)).

Belrose argues that the Plan's limitations term should be replaced with Virginia's five-year statute of limitations for breach of contract actions, see Va. Code Ann. § 8.01-246(2), because the limitations term created an impossibility of performance and was in violation of public policy.[2] The Plan contained a three-year limitations period, which the Plan stated commenced on the date Hartford required the beneficiary to furnish proof of loss. Belrose asserts that in order to file suit in compliance with the limitations provision set forth in the Plan, he would have had to file suit before he ever received notice of the final denial of his benefits. Belrose argues that the limitations period began to run on September 10, 2002, when he underwent arthroscopic knee surgery. Applying an accrual date of September 10, 2002 to the Plan's three-year limitations

---

[2] In the alternative, Belrose asks the court to replace the three-year limitations period with a five-year limitations period which he alleges is contained in the short-term disability section of the Plan. Having determined that the district court did not err in applying the Plan's three-year limitations period, it is not necessary to address Belrose's alternative request.

5

period, the period in which Belrose could file an action against Hartford would expire on September 10, 2005, approximately nine months before Hartford's final denial of Belrose's claim. Belrose argues that to require filing of an action for benefits due before the benefits are finally denied is contrary to public policy.

However, in granting Hartford's motion to dismiss, the district court reasoned that because the limitations period for an ERISA claim does not begin to run until the insurer issues a formal denial—despite the terms of accrual which may be contained within the Plan—Hartford's three-year limitations period was not unreasonable or contrary to public policy. Finding the three-year limitations period to be reasonable and in accord with public policy when viewed as accruing on the date of formal denial of benefits, the district court reasoned, it was not necessary to substitute the Plan's three-year limitations period with the Virginia statute of limitations for breach of contract. We find no error with the reasoning of the district court.

Belrose further argues that the district court's substitution of the accrual date, without also replacing the three-year limitations period with the Virginia statute of limitations for breach of contract, constitutes "blue-penciling," or rewriting the contract's words to make them work

together.  Belrose asserts that such rewriting is inappropriate because Virginia courts have traditionally refused to rewrite contracts in order to make them enforceable.  However, Belrose brings his claim under ERISA, and determining the time at which Belrose's cause of action accrued is governed by federal law rather than Virginia law.  See White, 488 F.3d at 245 (noting that, even where a state statute of limitations is applied, the accrual date is governed by a uniform federal rule); Blanck v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983) (noting that, in the case of a federal cause of action, the time at which the cause of action accrues is governed by federal law rather than state law).  Accordingly, we find Belrose's arguments unpersuasive.

Belrose argues that, even commencing the limitations period at the date of final denial of benefits, the Plan's three-year limitations period remains contrary to public policy.  Specifically, Belrose argues that a limitations period of less than five years is contrary to public policy in this case because the Virginia statute of limitations for actions derived from written contracts is five years. See Va. Code Ann. § 8.01-246(2).

The Supreme Court of Virginia has "upheld contractual statutes of limitations for periods shorter than that fixed by statute when they were not against public policy and the time period was not unreasonably short."  Bd. of Supervisors of

7

<u>Fairfax Cnty. v. Sentry Ins.</u>, 391 S.E.2d 273, 275 (Va. 1990) (citing <u>Bd. of Supervisors v. Sampson</u>, 369 S.E.2d 178, 180 (Va. 1988)). A limitations period of three years fits well within the intent of Virginia's legislature. Virginia's legislature has expressed its intent with regard to the limitation of actions derived from insurance policies by its enactment of Section 38.2-314 of the Virginia Code. Section 38.2-314 provides, "No provision in any insurance policy shall be valid if it limits the time within which an action may be brought to less than one year after the loss occurs or the cause of action accrues." Va. Code Ann. § 38.2-314. Thus, a limitations period of three years does not appear to be contrary to public policy.

When viewed in light of this court's prior holding that an ERISA cause of action does not accrue until the claim for benefits has been formally denied, the Plan's limitations period is not unreasonable or contrary to public policy, and is therefore valid. Thus, when faced with a valid limitations period, the district court did not err in applying the Plan's limitations period rather than substituting the Virginia statute of limitations for breach of contract actions. Belrose received a formal denial of his claim for benefits on June 14, 2006. Therefore, the period in which Belrose could bring a cause of action against Hartford for denial of benefits expired on June 14, 2009. Belrose filed his complaint on July 9, 2010, over a

8

year after the limitations period expired.  Therefore, the district court did not err in granting Hartford's motion to dismiss.

Accordingly, we affirm the judgment of the district court.

<u>AFFIRMED</u>