## Richmond.

NICHOLAS v. AUSTIN.

JANUARY 27, 1887.

Absent, LEWIS, P.

1. WITNESSES—*Husband and wife—Suit for separate estate.*—In suit by wife for her separate estate, husband joined for conformity and not bound for costs. Wife is competent to testify in her own behalf, but he is not for her. *Hayes* v. *M. I. Co.*, 76 Va. 225.

2. ESTOPPEL—*Parol contracts.*—Where parol dispensation with performance of agreement under seal is supported by a consideration, it will be enforced in equity. *U. S.* v. *Howell*, 4 W. C. C. R. 620.

3. IDEM—*Acquiescence.*—Silent acquiescence, misleading a party to his disadvantage, works an equitable estoppel.

4. IDEM—*Case at bar.*—N. gave his bonds to A. for land. They contained a clause that they were not transferable until the land was free of encumbrances except the dower of A.'s wife. She declined to execute conveyance unless one bond was given her in lieu of her dower. This being agreed to, she asked if the clause against transfer would keep her out of the money. She was told in N.'s presence, and with his acquiescence, that it would not, and that the other bonds were ample to pay all liens and leave her the bond. Thus assured, she executed the conveyance, and the bond was assigned her. Afterwards, N. refused to pay her the bond, saying he had used all the purchase money to pay the encumbrances, and that the bond was not transferable.

HELD :

N. is estopped from making such defence.

Appeal from decree of circuit court of Rockingham county, rendered October 21st, 1884, in a cause in which Huldah Aus-

tin, by her next friend, R. H. Austin, is complainant, and Isaac B. Nicholas and John H. Austin are defendants. The decree was unfavorable to Nicholas, and he appealed to this court.
Opinion states the case.

*J. N. Liggett, G. W. Berlin,* and *W.* Liggett, for the appellant.

*Chas. E. Haas* and *R. Paul,* for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

At the June rules, 1882, the complainant, Huldah Austin, filed her bill, alleging that on the seventeenth day of March, 1858, her husband, John H. Austin, being largely indebted, with certain judgment liens resting on his real estate, consisting of a farm of 140 acres of land near Port Republic, Rockingham county, Virginia, and being desirous of paying off the said liens, and relieving himself from debt, and being compelled to sell his said real estate in order to do so, he entered into a contract of sale of the said tract of land with one Jacob B. Nicholas, of Rockingham county, at the price of $40 per acre, amounting to the sum of $5,600; that the said contract of sale was executed, perfected, and completed, on the part of herself and her said husband, at their home, on the said 17th day of March, 1858, by the execution and delivery of a deed conveying to the said Jacob B. Nicholas the said tract of land, she uniting in the said deed; that the said Jacob B. Nicholas, in part execution of the said contract of sale, executed his four purchase-money bonds for $812.50 each, bearing even date with the said deed, and maturing in 1859, 1860, 1861, 1862, without interest, respectively, payable to her said husband, the said John H. Austin; that after the said several bonds had been signed by the said Jacob B. Nicholas,

and the said deed had been signed by the said John H. Austin, but before the said bonds were delivered, and before she, the complainant, signed the deed relinquishing her dower, she, giving expression to her determination, in view of the poverty and misfortunes of her said husband, utterly refused to unite in the said deed, and relinquish her contingent right of dower in the said tract of land, until and only on receiving one of the said deferred bonds for $812.50, in satisfaction of her said contingent right; that the said Nicholas and her husband, the said John H. Austin, then and there discussed the liens, and the amounts thereof, resting upon the said land, and the said Jacob B. Nicholas, in the presence of the said John H. Austin and others, declared to her, the said complainant, that the purchase money for the said land was ample and sufficient to pay off all the liens resting on the said land, together with one of the said bonds, if transferred to complainant, and leave a balance for the said John H. Austin; that the complainant then and thereupon agreed to receive one of the said deferred bonds for $812.50, as and for her interest in the said tract of land; and thereupon the said Jacob B. Nicholas agreed that the last deferred bond, falling due March, 1862, for $812.50, should be transferred to her, the said complainant, for her interest aforesaid; and thereupon the said bond was handed to and put in complainant's possession by her husband, the said John H. Austin, in the presence and with the consent of the said Jacob B. Nicholas, and immediately complainant called her daughter, and caused her to sign complainant's name to the said deed, which she then acknowledged before a notary public, who took her privy examination and certified the same; that the said deed was then delivered to the said Jacob B. Nicholas, who then left. The said John H. Austin then, at the request of complainant, wrote the assignment upon the said bond, and handed it back to complainant. The said bond is as follows:

"$812.50. On or before the first day of March, 1862, I promise and oblige myself, my heirs, executors, or administrators, to pay John H. Austin eight hundred and twelve dollars and fifty cents, being in part payment of a tract of land purchased of said Austin. This note shall not be transferable to any one until the land is clear from all incumbrances except the dower of Mary Austin.

"Given under my hand and seal this seventeenth day of March, 1858.

"JACOB B. NICHOLAS.    [Seal.]

"Witness: CHARLES LEWIS."

Indorsed on the back:

"I assign this bond to Huldah Austin, my wife, for signing the deed to the land sold to Jacob Nicholas, March 17, 1858.

"JOHN H. AUSTIN."

After the said bond was assigned to complainant, as aforesaid, she wrapped it up with two other and smaller bonds, and carefully laid it away. When, afterwards, she sought for the bond in the place where she had deposited it, it was gone, and could not be found, though diligent and repeated search was made for it. Complainant formed the suspicion that her husband had obtained the said bond, and had transferred it to some one else; and much crimination and recrimination passed on account of her said suspicion, which was not removed until 1874, when she found the said carefully-wrapped bundle of papers, containing the said bond for $812.50 and the two smaller bonds, among a large quantity of old papers of her husband, who had been a constable. Complainant immedi-

ately informed the said J. B. Nicholas that the said bond had been found and recovered, and demanded payment of it, from time to time; but the said Jacob B. Nicholas, after repeated and varied statements and promises in regard to its payment, finally told complainant that he had paid the said bond, and he would not pay it again. Complainant told the said Nicholas that he knew she owned the bond, and asked him why he had not paid it to her, to which he then replied that there was a clause in the said bond forbidding its assignment until all the incumbrances upon the land had been satisfied or paid. The bill charged that the said bond had never been paid to her, and that the said Nicholas had never paid it, or any part of it, to any person entitled or authorized to receive payment of it, and that he had never satisfied or paid off any judgment or other lien resting upon the said land that could legally, equitably, or justly be credited by him on the said last deferred purchase-money bond held by her as aforesaid; that the said Nicholas never sought for, inquired after, or demanded the said bond from or after the day when complainant told him that she had lost the said bond, and that he had never had any settlement with her husband, John H. Austin; that all the liens paid or satisfied by the said Nicholas were existing at the time of the purchase of the said land, and were duly recorded in the clerk's office, and that he had notice of the same, and that the cash payment and the first three deferred bonds, were amply sufficient to satisfy and discharge all the said liens binding the said land, if they had been so applied. The bill further charges, that the said fourth and last deferred bond was never in the possession of the said John H. Austin; that it is held by her as her separate estate, in lieu of her said dower right so relinquished by her in the deed to the said Jacob B. Nicholas, and that it has never been paid to her in performance of the said contract with the said Jacob B. Nicholas and John H. Austin.

To this bill the said Jacob B. Nicholas filed his separate answer, admitting the contract of purchase of the land for the sum of $5,250, and the execution of the bonds aforesaid for the deferred payments; but denying all the other aforesaid allegations of the bill, and averring that he had paid all the purchase money in full, including this said fourth and last deferred bond sued on, by the payment of debts of the said John H. Austin, which were liens on the said land.

After the taking of depositions on both sides, the court, by its decree of February 8, 1884, referred the cause to a master commissioner, who made his report, which was recommitted by an order in the cause rendered April 25th, 1884, which directed the report to be reformed, and that the commissioner should take testimony, and inquire and report when the assignment of the bond for the fourth deferred payment in the bill and proceedings mentioned was made by John H. Austin to the complainant, Huldah Austin, and what was the consideration therefor; whether the assignment of the said bond was made with the knowledge or assent of Jacob B. Nicholas, or, if neither, when said Nicholas first learned of said assignment and transfer to complainant; whether the said bond has been paid by the defendant Nicholas, and, if so, when, where, and to whom paid, and under what circumstances it was paid. In response to this reference the master made his report, in which he says that, after the greatest deliberation, and with all the testimony adduced, he adopts the text of his former report of May 28th, 1883, and the statements thereof, to wit: "That the transfer and assignment of the fourth deferred bond of J. B. Nicholas, payable to John H. Austin, was made by the said Austin to his wife, Huldah Austin, the plaintiff here, on the 17th day of March, 1858, at the house of the said Austin and wife, and the consideration for the said transfer and assignment was that the said Huldah Austin was to sign the deed convey-

ing the land sold thereby, releasing to the purchaser, Jacob B. Nicholas, her right of dower in the said land; that the said transfer was made with the knowledge and assent of Jacob B. Nicholas, on the 17th day of March, 1858, in the presence of the said Nicholas, while the endorsement on the said bond was done by the said John H. Austin on the same day, after the departure of the said Nicholas from their house; that, at the time of the transfer of the said bond by John H. Austin, the whole of the purchase money was in the hands and under the control of the said Jacob B. Nicholas; that of the purchase money, $3,159.22½, was paid by Nicholas directly to John H. Austin himself, and that there is no evidence to show where or how it was applied by said Austin; that the bond sued on is the property of complainant, Huldah Austin; and that she has the right to collect the whole sum of $812.50, with interest from March 1, 1862, from the said Jacob B. Nicholas."

To this report exceptions were filed by appellant, which the court overruled, and entered a confirmation of the said report, and rendered the decree of October 21, 1884, for the said sum of $812.50, with interest from March 1, 1862, in favor of the said Huldah Austin, and against the said Jacob B. Nicholas.

Appellant admits the execution of the bond, and the evidence in the record clearly and satisfactorily proves that he was present and assenting to the transfer of the bond by John H. Austin to his wife, Huldah Austin, in consideration of her uniting in the deed relinquishing her contingent right of dower in the land, which deed the said Nicholas accepted and used and recorded; and that he knew that Huldah Austin held and claimed the said bond as her separate property before he had paid the purchase money.

We do not think that the appellant can shelter himself from the payment of this bond to Huldah Austin under the provision or qualifying clause, "this note shall not be transferable to any one until the land is clear from all incumbrances except the dower of Mary Austin," because he permitted Huldah Austin to take the bond, in his presence, on its then delivery, and to surrender to him her contingent right of dower in the land, which was itself an incumbrance upon the said land, and an imperative and preferred incumbrance, in consideration of said bond. She positively then and there refused to have her name signed to the deed unless and until she received the bond; and when it was proposed to put the provision or clause of not transferable, etc., in the bond, she significantly asked if that would have the effect to keep her out of the money; and she was answered "No," in the presence and with the silent acquiescence of the said Nicholas, who was to receive the advantage of the relinquishment. He heard her receive the assurance that the purchase money was ample to pay all the liens, and relieve the land from incumbrance, and leave to her the bond for $812.50, payable March 1, 1862. He, by his conduct, induced Huldah Austin to accept the bond, and surrender to him her dower; and he is equitably estopped *in pais* to assert the provision in the bond which a court of justice will not permit to operate as a fraud and injustice. *Blake* v. *Exchange Mut. Ins. Co.*, 12 Gray, 265.

Where a parol dispensation, with the performance of an agreement under seal, is supported by a consideration, it will be enforced in equity, as a party cannot take advantage of a default he has sanctioned. *U. S.* v. *Howell*, 4 Wash. C. C. 620; *Fleming* v. *Gilbert*, 3 Johns. 528.

*Silence*, where it is so intended, or where it has that effect, to mislead a party, to his disadvantage, and to the other party's advantage, is an equitable estoppel; and passive acquiescence

estops equally with active interference. He who is silent when conscience requires him to speak shall be debarred from speaking when conscience requires him to be silent. *Niven* v. *Belknap*, 2 Johns. 573; *Cambridge Sav. Inst.* v. *Littlefield*, 6 Cush. 210; 2 Pars. Cont. (6th ed.) 794.

The appellant, Nicholas, was silent when he, of all others, should have spoken, and, by his silence, conduct, and permission, caused the appellee, Huldah Austin, to rely and act to his advantage on the representations and assurance made to her, and he cannot now be permitted to prove that that representation was false, and the consequent assignment of the bond is ineffectual. He sanctioned the assignment, and took the benefit, and thereby dispensed with the qualification in the bond. *Jewett* v. *Miller*, 10 N. Y. 402; *Green* v. *Green*, 14 La. Ann. 39; *Graves* v. *Key*, 3 Barn. & Adol. 313; 2 Pars. Cont. 793, and note *f;* Id. 798, and notes; *Weaver* v. *Lynch*, 25 Pa. St. 449; *Sloan* v. *Richmond, T. & M. Co.*, 6 Blackf. 175; *Crout* v. *De Wolf*, 1 R. I. 393; *Truscott* v. *Davis*, 4 Barb. 495; *Platt* v. *Squire*, 12 Metc. 494; *Davis* v. *Thomas*, 5 Leigh, 1.

Appellant insists that it was error to permit appellee to testify in the cause. The record shows that she was sworn and examined in part before the objection was raised; but she was a competent witness, in a court of equity, to establish her right to the bond assigned to her by her husband as her separate estate. He was a mere nominal party, in nowise bound for the costs, and she was not testifying for or against him. See *Hayes* v. *Mutual, etc., Ass'n*, 76 Va. 225. John H. Austin is incompetent as a witness for his wife; yet the court allowed J. B. Nicholas to testify, though his competency was objected to. But the court below heard the testimony of both appellant and appellee, and, upon all the testimony rendered real and substantial justice in the cause by decreeing in favor of the appellee.

We think the court did not err in referring the cause to a master for the inquiries of fact indicated in the order of reference; and we find no error in the decree appealed from, and it must be affirmed.

Decree affirmed.