## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### TATE V. PERKINS.

#### July 19th, 1888.

MARRIED WOMAN—*Action on bond assigned her—Case at bar.*—In action on bond by married woman described in declaration "as assignee of obligee," and her husband described therein "as having no interest in subject matter, but joined by way of conformity," upon demurrer:
HELD:

    Declaration unobjectionable. *Hayes* v. *M. P. A.*, 76 Va. 225.

Error to judgment of circuit court of Smyth county, rendered April 24th, 1886, in an action on a bond for $2,250, executed by M. B. Tate and John W. Robinson, payable to G. Burton Sanders and by him assigned to Sarah A. Perkins, the wife of John E. Perkins, in which action said Sarah A. Perkins as such assignee and her said husband, joined with her by way of conformity, were plaintiffs, and said obligors were defendants. The latter filed a demurrer to the declaration, which being overruled, judgment was entered for the plaintiff, Mrs. Perkins. And the defendants obtained to said judgment a writ of error and *supersedeas.* Opinion states the case.

*Daniel Trigg,* for the plaintiff in error.

*N. C. St. John,* for the defendants in error.

LEWIS, P., delivered the opinion of the court.

This was an action of debt in the circuit court of Smyth county. The declaration is in the name of "Sarah R. Perkins,

assignee of G. Burton Sanders, and John E. Perkins, her husband (which said husband has no interest in the subject-matter of this suit, but is joined with his wife by way of conformity)," and is founded upon two single bills, executed by the defendants, M. B. Tate and John W. Robinson, on the 7th of March, 1881, to the said Sanders, and afterwards assigned by Sanders for valuable consideration, as the declaration alleges, to the plaintiff, Mrs. Perkins. There was a demurrer to the declaration, which the circuit court overruled, and judgment having been rendered for the plaintiff, the case, on a writ of error, was brought to this court.

It is clear, under the provisions of the statute, commonly known as the married women's act, as that statute was construed in *Williams* v. *Lord & Robinson,* 75 Va. 390, that the subject-matter of the present action is the wife's separate estate. In that case it was held that the wife not only has a separate estate in the property owned by her at the time of her marriage, and the rents, issues and profits thereof, and in the property acquired by her during coverture as a sole and separate trader, but in all property acquired by her after and during marriage in either of the modes designated in the second section of the act; that is to say, by gift, grant, purchase, inheritance, devise, or bequest. And here the declaration alleges that the bonds in suit were acquired by the wife by virtue of an assignment for valuable consideration, or, in other words, by purchase.

It is contended, however, by the plaintiff in error that the circuit court erred in overruling the demurrer to the declaration, because, he says, the action is virtually in the name of the wife alone, and the statute requires that the husband shall be joined with the wife in any action by or against her. Acts 1876–77, p. 333. Stated differently, the contention is, that what the statute expressly requires to be done cannot be done by way of conformity merely; that in an action by the wife, the husband must be joined as a substantial party, and therefore that the demurrer ought to have been sustained.

This objection is substantially met by the decision of this court in *Hayes and Wife* v. *Va. Mut. Protection Ass'n*, 76 Va. 225. That was an action by the husband and wife on a policy of insurance for the sole benefit of the wife, and one of the questions was whether the wife was a competent witness in the case in her own behalf. Her competency was denied by the defendant company, on the ground that her husband was a party to the action and interested in the result. But the objection was not sustained. The court said: " The husband is no party to the policy, and has no right, title or interest under it. The money, if recovered, is exclusively the wife's, and must be paid to her or her personal representative; and it is her action to recover it. Her husband is joined with her, not because of any interest he has in the subject or from choice, but because the statute requires it, to give her a remedy for *her* rights. The suit is for her exclusive benefit, and her husband is a mere nominal party, only for conformity to the statute, without any interest in the subject-matter of the suit." See also *Farley and Wife* v. *Tillar*, 81 Va. 275; *Jones and Wife* v. *Degge*, 84 Va. 685 ; *Nicholas* v. *Austin*, 82 Va. 817.

The declaration in the present case is in conformity with the principle decided in those cases, and is unobjectionable. If the husband, when joined as a plaintiff with the wife in an action under the statute, is a nominal party only—joined for conformity merely—no reason is perceived why an allegation to that effect in the declaration could prejudice her right to maintain the action.

The judgment must, therefore, be affirmed.

JUDGMENT AFFIRMED.