## Richmond.

### WOODSON V. SMITH AND WOODSON V. JOHNSON.

#### November 18, 1920.

1. MERGER—*Deed and Executory Contract of Sale—Case at Bar.*— Contracts for the sale of lands entered into February 19, 1919, provided for -a reservation by the grantor of the possession of the lands until November 15, 1919. On the 27th of February, 1919, vendor conveyed the lands to vendees. The deeds contained no reference to the antecedent contracts, but contained the usual covenants, whereby, under Code of 1919, sec. 5175, grantees were given, *in praesenti*, the right to enter, receive the rents, and enjoy the premises, without interruption and free from incumbrance.

   *Held:* That as the stipulations in the contracts of sale and the covenants in the deeds were in irreconcilable conflict on the question of possession, the antecedent contracts were merged in the deeds, and the vendees and not the vendor were entitled to possession between the 27th of February and November 15th.

2. MERGER—*Deed and Excutory Contract of Sale.*—The rule is that when a deed is executed and accepted in performance of a prior preliminary contract, the deed, if unambiguous in its terms and unaffected by fraud or mistake, must be looked to alone as the final agreement of the parties.

3. MERGER—*Deed and Executory Contract of Sale.*—While there is a distinction as to the merger of an antecedent contract in a subsequent deed between a deed made pursuant to the contract and one made and accepted in performance of the contract, the distinction is immaterial and of no effect as to conflicting provisions in the deed and the contract, which must be determined in all cases by the deed.

Error to judgments of the Circuit Court of Nelson county in actions of ejectment. Judgment for defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Volney E. Howard* and *J. T. Coleman, Jr.,* for the plaintiff in error.

*A. E. Strode* and *S. V. Kemp,* for the defendants in error.

KELLY, P., delivered the opinion of the court.

This is a writ of error to a judgment for the defendants, Smith and Johnson, in two actions of ejectment brought against them by Woodson. The two cases were tried together by consent, and a joint judgment rendered therein.

[1] On February 19, 1919, J. C. Woodson entered into two written contracts, one with Martha D. Smith and the other with J. E. Johnson, whereby he sold to them, severally, two certain tracts of land.

The contract with Johnson recited the payment of $500, and provided, *inter alia,* that upon the payment of the residue of the purchase money, $18,500, on the 1st day of March, 1919, Woodson would execute and deliver to Johnson "a proper deed to said real estate with the usual covenants of title;" and that "the party of the first part reserves to himself the right to the possession of the real estate which forms the subject matter of this contract until the 15th day of November, 1919;" and that "the taxes for the current year 1919 shall be prorated between the parties hereto as of the 1st day of March 1919."

The contract with Smith recited the payment of $500, and provided, *inter alia,* that upon the payment of the residue of the purchase money, $15,500, on March 1, 1919, Woodson would execute and deliver to Smith "a proper deed to said real estate with the usual covenants of title;" and that "the party of the second part shall have such possession during the fall of 1919 as may be necessary for

seeding the usual crops, and full and complete possession of the entire property shall be delivered as of the 15th day of November, 1919;" and that "the taxes for the current year 1919 shall be prorated between the parties hereto as of the 1st day of March 1919."

On the 27th of February, 1919, Woodson conveyed the lands described in the foregoing contracts, respectively, to Johnson and Smith. The deeds contain no reference to the antecedent contracts, but after reciting the full payment of the sum of $19,000 by Johnson and $16,000 by Smith, respectively, each of said deeds conveyed the property therein described to the grantee with the following covenants of title on behalf of the grantor, Woodson: "that he is seized in fee simple thereof; that he has the right to convey the same; that he has done no act to encumber the same; that the grantee herein shall have quiet and peaceable possession thereof free from all encumbrances except the taxes for the current year, which are to be paid by the party of the second part, and that he will execute such other and further assurances of the title thereto as may be deemed requisite."

As above stated, no reference was made in the deeds to the contracts of sale, and it will be observed that the deeds differed from the contracts in several respects. The vital difference, and the one which gives rise to this controversy, relates to the delivery of possession.

It may be pertinent to note in this connection that Woodson, who was a real estate agent, did not become the owner of the property until he had arranged for the sale thereof; that on the day on which he made the conveyance, he acquired for the first time the legal title to the property by a deed from the then owners; and that Woodson himself never had any actual possession of the premises.

As soon as the deeds were executed and delivered by Woodson to Johnson and Smith, they took immediate pos-

session of the premises, respectively conveyed to them, and have held such possession ever since. Woodson claimed the right to possession from February 27 to November 15, 1919, and these actions were brought to enforce that claim, and to recover damages accordingly.

The trial court held that the antecedent contracts were merged in the deeds, and accordingly excluded the former from the jury's consideration. This action of the trial court gives rise to the first, and, in our view, the decisive question in the case.

The contracts provided for a reservation of the possession until November 15, while the deeds, made later, contained covenants which by statute in Virginia (Code 1904, sec. 2450; Code 1919, sec. 5175) meant that the grantee "might at any and all times thereafter, peaceably and quietly enter upon and have, hold, and enjoy the land conveyed by the deed * * * and receive and take the rents and profits thereof * * * without any eviction, interruption, suit, claim, or demand whatever * * * and that freely and absolutely acquitted, exonerated, and forever discharged, or otherwise by the said grantor or his heirs saved harmless and indemnified of, from and against any and every charge and encumbrance whatever."

The stipulations in the contracts and the covenants in the deeds, as related to the question of possession, are in patent and irreconcilable conflict. Withholding the possession from February to November, under a previous contract not mentioned in the deeds, would be a plain breach of the covenants whereby the grantees were given, *in praesenti*, the right to enter, receive the rents, and enjoy the premises, without interruption and free from incumbrance. It is true that the contracts, in addition to providing for a postponement of possession, also stated that the deeds should contain "the usual covenants of title;" but the deeds failed to embody a corresponding duplex stipulation. If they had

done so, then, of course, the two provisions could have been construed together, and proper effect given to both.

[2] The rule is that ·when a deed is executed and accepted in performance of a prior preliminary contract, the deed, if unambiguous in its terms, and unaffected by fraud. or mistake, must be looked to alone as the final agreement of the parties. The deeds here involved were unmistakably clear in meaning. There is no ingredient of fraud or mistake in the case, and if there were, the plaintiff could not avail himself of it in this form of action.

If the plaintiff desired to preserve the provision in the contracts for a deferred delivery of possession as against the plain terms of his covenants in the subsequent deeds, he ought to have done so by repeating them in the deeds or in some contemporaneous collateral instrument so expressed as to make it manifest that the two were intended to be parts of the same transaction.

Doubtless many cases may arise in which distinct and unperformed stipulations contained in a contract for sale will not be merged in or discharged by deed where that instrument is silent upon the subject of such stipulations. In such cases there is no conflict between the contract and the deed. But the deed must be regarded as the sole and final expression of the agreement between the parties as to every subject which it undertakes to deal with. All inconsistencies between the prior contract and the deed must be determined by the latter alone, and previous negotiations or agreements, verbal or written, cannot be set up for the purpose of contradicting it.

The application of these principles may result in occasional hardship and occasional failure to carry out the real intention of the parties; but the principles themselves are safe and sound, they have been shown by ·experience to promote justice and fair dealing in the average case, and they are, for these reasons, abundantly. supported by authority.

*Portsmouth Ref. Co.* v. *Oliver Ref. Co.,* 109 Va. 513, 520-521, 64 S. E. 56, 132 Am. St. Rep. 924; *Stephen Putney S. Co.* v. *R. F. & P. R. Co.,* 116 Va. 211, 81 S. E. 93; 2 Devlin on Deeds (3d ed.), sec. 850a; 13 Cyc. 616; 8 Ruling Case Law, p. 1048, sec. 102; note to *Clifton* v. *Jackson Co.,* 16 Am. St. Rep. 622.

The authorities relied upon by the learned counsel for the plaintiff have all been carefully considered. In the main they are not in conflict with the views hereinabove expressed; and in so far as they are in such conflict, we are not prepared to follow them.

[3] An insistent position taken on behalf of the plaintiff is that the deeds in this case were not made and accepted *in performance of,* but merely *pursuant to,* the contracts. The authorities recognize such a distinction, but the distinction is immaterial and of no effect as to conflicting provisions, which, as we have seen, must be determined in all cases by the deed. This is conceded, as we understand, by counsel for the plaintiff, but they insist that in the present case the contract and deeds are not in conflict. With this latter contention, as already indicated, we cannot agree.

The judgment complained of must be affirmed.

*Affirmed.*