## CIRCUIT COURT OF FAIRFAX COUNTY

Constantine J. Blastos et al.

v.

Pulte Home Corp.

### December 12, 1995

### Case No. (Law) 141976

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before the Court on November 2, 1995, on Defendant's Motion for Summary Judgment. By conference call, both parties agreed that the motion would be decided by the Court on the briefs without oral argument. For the following reasons, Defendant's Motion for Summary Judgment is sustained in part and denied in part.

Plaintiffs filed a Motion for Judgment against the Defendant on June 27, 1995, for fraud. Plaintiffs claim that they were induced by false statements made by the Defendant's agent and by representations made in reference to a plan of development to purchase certain property and a model home built on the property (Lot 27). Plaintiffs allege that the Defendant's agent stated that an adjoining lot, Lot 28, would not be built upon and would remain in park-like condition. In March, 1994, Plaintiffs discovered a "For Sale" sign on Lot 28 and made inquiries to the Defendant about the development of the property. In May, 1994, construction began on a house on Lot 28.

The Motion for Judgment alleges that the Plaintiffs, in reliance upon the Defendant's representations, were fraudulently induced to sign the Agreement of Sale for Lot 27. Plaintiffs seek both compensatory and punitive damages for the fraud. In the Motion for Summary Judgment, Defendant claims that the action is barred by a one-year limitation on any action arising out of the Agreement and because the Agreement's specific dis-

claimers precluded Plaintiffs from justifiably relying on any representations.

Paragraph three of the Agreement for Sale states:

> No action, regardless of form, arising out of the transaction under this agreement, may be brought by purchaser more than one (1) years after the cause of action has accrued.

Under the Code of Virginia, an action for fraud must be brought within two years from the date of accrual to be timely. Va. Code Ann. § 8.01-248. In Virginia, however, parties may agree that a limitation period shorter than the one provided by statute governs the contract. The generally accepted rule is that unless such a contractual provision is precluded by statute or public policy or is unreasonable or unreasonably short, the provision will be binding on the contracting parties. *Board of Supervisors v. Sampson*, 235 Va. 516 (1988).

In this case, the Plaintiffs did not seek rescission of the Agreement as a remedy for fraud but instead sought an enforcement of the Agreement and an action for damages resulting for the fraud. This is a proper remedy for the Plaintiffs to seek from the Court. *Carter Coal Co. v. Litz*, 54 F. Supp. 115 (W.D. Va. 1943). In seeking to enforce the Agreement, Plaintiffs cannot choose to enforce only certain provisions but must instead seek enforcement of the Agreement as a whole. *Horner v. Ahern*, 207 Va. 860 (1967). As a result, the provision in the Agreement governing the limitations period for actions arising out of the Agreement will be enforced if not unreasonable, unreasonably short, or otherwise against public policy. The Court finds that the one-year limitation on actions is reasonable and does not violate public policy.

In Virginia, an action for fraud accrues when the fraud is discovered or reasonably should have been discovered. Va. Code Ann. § 8.01-249. Plaintiffs admit seeing the "For Sale" sign in March of 1994 and made inquiries to the Defendant before construction began on the house on May 24, 1994. Even if the sign and the Plaintiffs' subsequent inquiries to the Defendant did not permit the Plaintiffs to discover the alleged fraud, the beginning of construction of the house certainly did. Plaintiffs, however, filed their action on June 27, 1995, more than one year from the latest possible date of discovery on May 24, 1994. Accordingly, the Court finds that the Motion for Judgment was not timely filed, and the Plaintiffs are barred from bringing this action for fraud against the Defendant. Summary judgment on that ground is granted.

Summary judgment on the grounds that the disclaimers contained in the Agreement of Sale preclude the Plaintiffs from justifiably relying upon any representations not expressed in the Agreement is denied.