# CIRCUIT COURT OF ALBEMARLE COUNTY

Carolyn Napier et al.

v.

Mark Graham et al.

June 1, 2004

Case No. CL02-9158

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on a Plea in Bar made by Defendant, County of Albemarle, in response to Plaintiffs' Motion for Judgment. The Court heard argument by counsel on May 27, 2004, regarding the doctrines of merger and equitable estoppel and took the matter under advisement to consult the authority cited. For the reasons set forth below, the Court finds that: (1) the doctrine of merger does in fact apply to the letter agreement and deed in question, but (2) under equitable estoppel, Defendant is estopped from asserting merger as a defense. Thus, the Court overrules the Defendant's Plea in Bar.

*Factual Background*

On October 16, 2000, Plaintiff, Carolyn Napier, executed a deed of easement which allowed Defendant, the County of Albemarle, to proceed with a storm drainage project to be performed in the Wynridge Subdivision. This project consisted of excavation of earth in order to replace and redirect drainage piping. Defendant required an easement from Plaintiff in order to complete the project, since some of the piping did cross or was to cross a portion of Plaintiff's property.

The record shows that Plaintiff expressed reservations about granting the easement because of concern over possible destruction of her property, and, in fact, Plaintiff and her husband initially refused to approve the

easement. On October 5, 2000, Defendant Mark Graham, an employee of the County and a defendant named herein, sent a letter to Plaintiff in an effort to induce her to sign the Deed of Easement. This letter contained seven different specific offers, the seventh of which is the provision in issue:

> *Damage to property during construction*: Shortly before the contractor commences work, we plan to prepare a video survey of the entire construction area with the contractor present. That video will allow us to document all existing improvements in the area of construction. Should any questions or concerns arise about damage to anyone's property, we can then easily determine the pre-construction conditions. As specified by the contract, the County will then require the contractor to satisfactorily repair any damaged improvements.

The relevant portion of the Deed, in regard to repairs, states:

> The Grantee, its successors, and assigns shall repair or replace only ground cover now within the easement conveyed herein which may be disturbed, damaged, or removed as a result of the construction of any of the Grantee's facilities, shall remove all trash and other debris of construction or repair from the easement, and shall restore the surface thereof to its original condition as nearly as possible.

Plaintiff claims that she executed the Deed because of reliance on the offers in the above referenced letter, specifically on offer seven. Furthermore, Plaintiff claims that, as a result of the excavation, the ground destabilized, and considerable damage to her house resulted.

Defendant now asserts a Plea in Bar based on the merger doctrine, arguing that all items contained in prior contracts and agreements are "merged" into the final Deed and, as such, the terms of the Deed alone are controlling. Plaintiff counters that the terms in the October 5th letter constitute a collateral agreement which survive the merger doctrine and stand by themselves. Plaintiff also contends that, even if the letter is not a collateral agreement, the Defendant is equitably estopped from asserting a Plea in Bar on the basis of the merger doctrine.

502 

## Issues Presented

(1) Do the terms in the October 5th letter concerning repairs conflict with the terms of repair stated in the Deed or do those two sets of terms deal with separate issues thus rendering the letter a collateral agreement that would survive the merger doctrine?

(2) If the terms concerning repairs do conflict with each other, should the Defendant be equitably estopped from asserting the merger doctrine?

## Discussion of Authority

The doctrine of merger serves as a finalization tool to all agreements between parties, defining liability solely on the terms in the deed. This doctrine rids ambiguity while promoting a binding agreement with definite results. As the Virginia Supreme Court stated in *Woodson v. Smith*, 128 Va. 652, 656, 104 S.E. 794 (1920):

> the rule is that when a deed is executed and accepted in performance of a prior preliminary contract, the deed, if unambiguous in its terms, and unaffected by fraud or mistake, must be looked to alone as the final agreement of the parties.

Even though the merger doctrine "may result in occasional hardship and occasional failure to carry out the real intentions of the parties," it is essential in establishing certainty in the law and reducing frivolous claims. *Id.*

Yet, under certain circumstances, a party can overcome the doctrine. See *Miller v. Reynolds*, 216 Va. 852, 855, 223 S.E.2d 883 (1976) (recognizing that often a deed is only part of a prior existing contract, and parol evidence may be admitted to prove other terms not inconsistent with the deed); *see also, Empire Mgmt. & Dev. Co. v. Greenville Assocs.*, 255 Va. 49, 54, 496 S.E.2d 440 (1998) (agreement for payment of rental income after transfer of property deemed collateral). Plaintiff has presented *Beck v. Smith*, 260 Va. 452, 538 S.E.2d 312 (2000), which explores the pressing issue before the Court of what may be considered a collateral agreement. In *Beck*, the Virginia Supreme Court held that some agreements would not be encompassed by the merger doctrine if they are collateral. *Id.* at 456. Agreements would be considered collateral "if they

do not affect title to the property, if they are not addressed in the deed, and if they do not conflict with the deed." *Id.*

The issue before the Court concerns whether the terms in offer number seven of the letter agreement, which refer to repair of "existing improvements," conflict with the terms in the Deed, which refer to repairing or replacing *only* groundcover within the easement. After noting the arguments made by both parties, this Court finds that the terms in the letter do in fact conflict with the terms in the Deed concerning repair. Plaintiff argues that the two are not in conflict with each other due to the fact that letter agreement offer number seven references damaged improvements and the Deed references groundcover within the easement, two physically separate areas. The use of the word "only" in the Deed's description of what may be repaired or replaced clearly distinguishes what areas would be subject to repair, the groundcover, and what areas would not be, all others including the "existing improvements."

Therefore, the letter agreement dated October 5th is not a collateral agreement and does not fall outside the doctrine of merger.

Now, Plaintiff would have the Court consider whether Defendant should be equitably estopped from asserting the doctrine of merger as a legal defense. "[The] elements necessary to establish equitable estoppel, absent a showing of fraud and deception, are a representation, reliance, a change of position, and detriment." *T. v. T.*, 216 Va. 867, 873, 224 S.E.2d 148 (1976); *see also United States v. Fidelity & Casualty Co. of New York*, 402 F.2d 893, 898 (4th Cir. 1968). Plaintiff cites *Nicholas v. Austin*, 82 Va. 817, 1 S.E. 132 (1887), as a case on point. Here, the Court held that equitable estoppel applied when a widow changed her position to her detriment when she signed a deed based on an outside agreement. *Id.*

The facts in the case at hand clearly suggest that a representation was made by the Defendant as shown in the October 5th letter. Plaintiff then suffered injuries to her detriment when she changed her position by executing the Deed of Easement. However, Defendant argues that Plaintiff could not have justifiably relied on the terms in the letter when the Deed itself stated those terms differently. The record shows that Plaintiff had previously declined to execute the Deed of Easement based on her concerns that her property would be damaged. In order to obtain the Deed, Defendant was forced to prove to Plaintiff that any and all damage that did occur would be repaired, and this intent on Defendant's part is expressed in the letter. Furthermore, the record shows that Plaintiff had possession of the unsigned Deed during the time that Defendant made his representations through the letters, proving that, during consideration of

signing the Deed, Plaintiff looked to the letter as reassurance that her concerns would be satisfied.

The Court finds that Plaintiff reasonably and justifiably relied on the representations made in the letter. This Court itself had to carefully decipher whether the terms in the letter were or were not in conflict with the terms in the Deed as to repairs. The misleading nature of the terms in both documents could have led a reasonable person to believe that the seven specific offers contained in the letter still stood as valid offers despite the language in the Deed. Therefore, the Court declares that Defendant be equitably estopped from asserting the doctrine of merger as a defense to the terms in the letter agreement.

## Ruling

Defendant's Plea in Bar is overruled. Though the doctrine of merger does apply to the letter agreement because its terms are in conflict with those in the Deed, Defendant is equitably estopped from using it as a defense because Plaintiff relied on Defendant's representations regarding repairs and the change of position made thereon directly led to her detriment.