# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Patricia Kearney
and Noel Kearney

v.

Robinson Land Trust

June 29, 2010

Case No. 09-228

BY JUDGE EDWARD L. HOGSHIRE

In this civil action involving a real estate transaction, the Defendant filed a Plea in Bar alleging that all Plaintiffs' claims are barred by the statute of limitations, collateral estoppel, res judicata, the doctrine of merger, and the limitation period set forth in the Agreement. The Court, having considered the arguments of Counsel and the briefs filed with regard to the Plea in Bar, will deny the Defendant's Plea in Bar for the reasons articulated below.

## Statement of the Case

The Plaintiffs assert three Claims in their Complaint. Claim One alleges, "Liquidated Damages Are An Excessive Unenforceable Penalty." Claim Two lists violations of the Virginia Consumer Protection Act ("VCPA"), Va. Code §§ 59.1-196 *et seq.*, including (1) attempting to collect liquidated damages that are unlawful under Va. Code § 59.1-200(A)(13), and (2) the Defendants bringing an unlawful detainer action in

the Charlottesville General District Court ("GDC") but telling the Plaintiffs not to attend court, said conduct being unlawful under Va. Code § 59.1-200(A)(14). Claim Three calls for the equitable remedy of a Constructive Trust.

*Statement of Facts*

The facts are derived from the pleadings and exhibits and appear to be uncontested as to issues presented by the Plea in Bar.

In 2004, Patricia and Noel Kearney ("Plaintiffs") owned and lived in a house at 1819 Simmons Gap Road in Albemarle County, Virginia (the "Simmons Gap House"). (Complaint ¶ 5, June 22, 2009.) The Plaintiffs decided to move and contacted Property Solutions Management, L.L.C. ("Property Solutions"), for the purposes of finding a new home. (Compl. ¶ 14.) Michele Jordan and Win Wood own and operate Property Solutions. (Compl. ¶ 10.) The Plaintiffs told Wood that they would like to buy a Property Solutions-advertised house at 1405 Lehigh Circle, Charlottesville, Virginia (the "Property") (Compl. ¶ 16) and elected seller financing as the means to purchase the Property. (Compl. ¶ 18). The Plaintiffs entered into a sale agreement with Wood, Jordan, or Robinson Land Trust (Robinson Land Trust being the named "Defendant") for the sale of the Simmons Gap House, but the sale agreement was contingent upon the Plaintiffs' purchasing the Lehigh Circle Property. (Sales Contract for Simmons Gap House 5.)

Paragraph K of the sale agreement reads:

> Purchase of this property is contingent upon sellers purchasing the home of the buyers located at 1405 Lehigh Circle, titled to the Robinson Land Trust, Michele Jordan, trustee. Sellers will use the proceeds from the sale of their property at 1819 Simmons Gap Rd. as a down payment for the purchase of 1405 Lehigh Circle.

(Sales Contract for Simmons Gap House 5.)

On October 29, 2004, the Plaintiffs entered into an Agreement for Deed ("the Agreement") with regard to the Property with Robinson Land Trust and Michele Jordan as its trustee. (Compl. ¶ 24; Agreement for Deed 1, October 29, 2004.) Under the seller financing option, the purchase price of the house was $259,000.00, with $34,911.88 (the proceeds from the sale of the Simmons Gap House (*see* Compl. ¶ 27)) credited to the Plaintiffs at

the time the parties signed the Agreement, and $223,988.12 payable in monthly installments of $1,351.45 at a rate of 6.75% interest per year for 480 months. (Agr. for Deed ¶ 1.) Though the Agreement states that seller financing balloons on January 31, 2009, the Defendant has never demanded this remedy and thus has waived it. (*Id.* at ¶ 21(a); Compl. ¶ 29-30.) The Agreement states that, in the case of default, either (1) the Defendant can terminate the Agreement and the Plaintiffs forfeit all payments made up to that time as liquidated damages (Agr. for Deed ¶ 9), or (2) the Defendant can require the unpaid balance to be due at the time of default in order to cure the default, with costs to be paid by the Plaintiffs (*Id.* at ¶ 10). Other provisions of the Agreement include: (1) a three month limitation on any cause of action brought to enforce the terms and conditions or to enforce any right stemming from the Agreement (*Id.* at ¶ 16), and (2) a "merger" clause, stating, "This Agreement and any attached addendum constitutes the sole and entire Agreement between the parties and no representation, promise, or inducement not included in this Agreement, oral or written[,] shall be binding upon any party thereto." (*Id.* at ¶ 20.)

In February 2008, the Defendant filed an unlawful detainer action against the Plaintiffs in the GDC seeking to recover overdue payments. (Certified copy of Summons attached to Plea in Bar.) On March 11, 2008, in the case of *Michele Jordan, Trustee, Robinson Land Trust v. Noel and Patricia Kearney*, the GDC granted judgment in favor of Jordan and Robinson Land Trust. (Plea in Bar ¶ 1, July 24, 2009.) The Kearneys did not appeal this decision. (Mem. in Supp. of Plea in Bar 4.) The Plaintiffs apparently remained in possession of the Property and fell behind on their payments again in November 2008. (Compl. ¶ 37.) On April 6, 2009, the Defendant informed the Plaintiffs that the Plaintiffs must pay the back payments by April 13, 2009, or the Defendant would "nullify" the Agreement. (Compl. ¶ 38; Ex. G to Compl.) When the Plaintiffs did not pay, the Defendant sent notice to the Plaintiffs that the Defendant had elected the liquidated damages remedy under paragraph ten of the Agreement and that the Plaintiffs had ten more days to pay the unpaid balance on the Agreement. (Compl. ¶ 39; Ex. H to Compl.) When the Plaintiffs still did not pay the prior unpaid balance, the Defendant initiated another action for unlawful detainer in the GDC for back payments of $11,828.12, of which the Plaintiffs received notice on May 12, 2009. (Compl. ¶ 41.)

There was no evidence or representations with regard to the disposition of this second action in GDC, nor does the Defendant in the

case at bar address the 2009 proceedings in the GDC, relying for the purposes of argument on the GDC Order from March 11, 2008.

## Analysis

### A. *Statute of Limitations*

In support of the Plea in Bar, the Defendant argues that the statute of limitations started to run on October 29, 2004, the date of the Agreement, and therefore that the Plaintiffs are precluded from contesting the terms of the Agreement under any statute of limitations. The Plaintiffs argue that the statute of limitations started to toll when the Defendant sought possession of the property and invoked the liquidated damages remedy, since the liquidated damages clause could not have accrued until it had been invoked. The Plaintiffs argue, therefore, that the Defendant invoked the liquidated damages clause on March 11, 2008, when an order was entered in the GDC.

The Plaintiffs argue, inconsistently, that (1) the liquidated damages clause was invoked by the Defendant, and therefore the statute of limitations began to run, on March 11, 2008, when an order was entered in GDC (Pls.' Resp. to Def.'s Plea in Bar ¶ 9, March 26, 2010), and (2) the Complaint for the present action was filed within three months of the Defendant's invoking the liquidated damages remedy in the GDC, so even the lesser limitation period would not bar the Plaintiffs' claims (Pls.' Mem. ¶ 4, April 15, 2010). For the purposes of deciding the Defendant's Plea in Bar, the Court will disregard the second argument, as the first one renders it moot.

The statute of limitations for a VCPA violation is two years. Va. Code § 59.1-204.1(A) (2008). The right of action accrues and the limitation period begins to run when the breach of contract occurs, "except where the relief sought is solely equitable or where otherwise provided under § 8.01-233, subsection C of § 8.01-245, §§ 8.01-249, 8.01-250, or other statute." Va. Code § 8.01-230. For actions under the VCPA that are "based on any misrepresentation, deception, or fraud, and in actions for rescission of contract for undue influence, the cause of action accrues when such fraud, mistake, misrepresentation, deception, or undue influence is discovered or when by the exercise of due diligence it reasonably should have been discovered." Va. Code § 8.01-249; *Schmidt v. Household Finance Corp.*, 276 Va. 108, 117–18, 661 S.E.2d 834, 838–39 (2008).

However, the Plaintiffs base their cause of action not on fraud at the time of signing but upon the invocation of a particular remedy by the Defendant pursuant to Va. Code § 59.1-200(A)(13) under the VCPA. Under Va. Code § 59.1-200, certain fraudulent acts committed by a supplier in connection with a consumer transaction are unlawful, including Va. Code § 59.1-200(A)(13): "Using in any contract or lease any liquidated damage clause, penalty clause, or waiver of defense, *or attempting to collect* any liquidated damages or penalties under any clause, waiver, damages, or penalties that are void or unenforceable under any otherwise applicable laws of the Commonwealth, or under federal statutes. . . ." Va. Code § 59.1-200 (emphasis added). This specific rule falls under the "or other statute" exception to the general rule of accrual at the time of the agreement found in Va. Code § 8.01-230. The Plaintiffs filed their Complaint on June 22, 2009, after the Defendant invoked the liquidated damages remedy on March 11, 2008, and, therefore, before the two year statute of limitations under the VCPA would preclude their claims.

The Defendant discusses the GDC action solely with respect to res judicata and collateral estoppel.

## B. *Res Judicata and Collateral Estoppel*

### 1. *Res Judicata*

The Defendant claims that the prior unlawful detainer case, *Michele Jordan v. Noel and Patricia Kearney*, brought in the GDC, bars the present Complaint under Rule 1:6, Res Judicata Claim Preclusion, because the Plaintiffs had the opportunity to litigate the validity of the Agreement during that proceeding. Va. Sup. Ct. R. 1:6 (2008). The Plaintiffs argue that res judicata does not apply because the GDC lacked requisite jurisdiction.

Under Rule 1:6, a plaintiff is barred from bringing a subsequent claim for relief against a defendant on the same cause of action, if: (1) the subsequent claim arises from the same conduct, transaction, or occurrence, (2) the prior claim was decided on the merits by a final judgment, and (3) the opposing party or parties were the same in both actions. Va. Sup. Ct. R. 1:6. This is true regardless of: (1) whether the legal theory or rights asserted in the subsequent lawsuit were raised in the prior lawsuit, (2) the legal elements or evidence upon which any claims in the prior proceeding depended, or (3) the particular remedies sought in either action. *Id*. In this case, the claim arises out of the same agreement in both cases, the parties

in the two actions are the same, and the GDC action resulted in a valid, final judgment against the Plaintiffs. However, the doctrine of res judicata bars subsequent causes of action which *could* have been litigated during the original action. *Bates v. Devers*, 214 Va. 667, 670–71, 202 S.E.2d 917, 920–21 (1974); *Flora, Flora & Montague, Inc. v. Saunders*, 235 Va. 306, 311, 367 S.E.2d 493, 495 (1988). Though these cases were decided before the Virginia Supreme Court adopted Rule 1:6 in 2006, the rule that the plaintiff must have litigated all the claims that he or she might have raised in an initial proceeding or be barred from raising them in all subsequent proceedings applies with equal force to Rule 1:6. *Winchester Neurological Consultants, Inc. v. Landrio*, 74 Va. Cir. 480, 487–88 (2008). The Plaintiffs could not have raised this claim in the GDC because that court does not have jurisdiction over claims exceeding $15,000.00. Va. Code § 8.01-195.4. Therefore the lower court could not have had jurisdiction over the liquidated damages claims amounting to $35,000.00.

## 2. *Collateral Estoppel*

The Defendant argues that collateral estoppel likewise bars the current action because the Plaintiffs already had the opportunity to litigate the validity of the Agreement. The Plaintiffs argue that collateral estoppel does not bar their current action because the prior decision in the GDC has preclusive effect only for the facts and issues necessary for the court to conclude an unlawful detainer claim for non-payment; therefore, that case concerned the rents due, not the validity of the liquidated damages clause.

The doctrine of collateral estoppel "precludes parties to a prior action and their privies from litigating in a subsequent action any *factual issue* that actually was litigated and was essential to a valid, final judgment in the prior action." *Angstadt v. Atlantic Mut. Ins. Co.*, 249 Va. 444, 446, 457 S.E.2d 86, 87 (1995) (emphasis added). For the doctrine of collateral estoppel to preclude a subsequent suit:

> (1) [T]he parties to the prior and subsequent proceedings, or their privies, must be the same, (2) the factual issue sought to be litigated *actually* must have been litigated in the prior action, (3) the factual issue must have been essential to the judgment in the prior proceeding, and (4) the prior action

must have resulted in a judgment that is valid, final, and against whom the doctrine is sought to be applied.

*Id.* at 446–47, 457 S.E.2d at 87 (emphasis added). The action in the GDC meets neither (2) nor (3) of the required elements for collateral estoppel to bar a subsequent suit. In that case, Jordan, Trustee of the Robertson Land Trust, proved that the Kearneys owed back rent for November 2007 to March 2008. (Unlawful Detainer Order, March 11, 2008.) None of the factual issues relevant to the current case were actually decided at that time.

## C. *Lesser Limitation Period*

The Defendant argues that the three month lesser limitation period at paragraph sixteen of the Agreement bars all claims after three months after the time of accrual, and, therefore, the causes of action listed in the Complaint have lapsed. The Plaintiffs argue that the three month period is unreasonable and should be considered invalid.

As previously discussed, the Plaintiffs indicated that they met the requirements of the three month shorter period (Pls.' Mem. 3), but the Court will rely on the March 11, 2008, GDC order for the purposes of accrual; however, this is not dispositive of the issue.

A lesser limitation period will be enforceable if the period is not against public policy or unreasonably short. *Board of Supervisors of Fairfax County v. Sampson*, 235 Va. 516, 520, 369 S.E.2d 178, 180 (1988). Whether a lesser limitation period agreement is against public policy or unreasonably short are questions of law to be determined by the court. *Id.* In *Sampson*, the Supreme Court of Virginia upheld a one month limitation period in an agreement for a subdivision plan between the county and a developer, when the court held that the time limits fixed in the contract were essential to the entire agreement and not severable. *Id.* at 521, 369 S.E.2d at 181.

*Sampson* is distinguishable in a number of respects from the facts of the present case. In that case, neither party had argued that the time limitation was against public policy or was unreasonable. *Id.* at 521, 369 S.E.2d at 180. The court decided the question of whether the lesser limitation period should be upheld based on whether it was essential to the contract and the fact that the conditions were interdependent and not severable. *Id.* Therefore, the court did not discuss the question of what would generally constitute an "unreasonable" time limitation or what

would be deemed to be against public policy. *See id.* Here, the Plaintiffs argue that the time limitation is unreasonably short and should therefore be considered invalid. Further, the Agreement in this case contains a severability clause, unlike in *Sampson*. (Agreement ¶ 19.)

In Virginia, a circuit court has upheld a one-year lesser limitation period between plaintiffs, homeowners, and the defendant, a developer, as opposed to the two-year statutory period for actions for fraud under Virginia Code § 8.01-248. *Blastos v. Pulte Home Corp.*, 38 Va. Cir. 269, 270 (1995). The court did not provide reasons for having upheld this lesser limitation period, *see id.*, but other courts have considered what would constitute an "unreasonable" lesser limitation period.

In *Modern Continental South v. Fairfax County Water Auth.*, the court found that a five day notice period in a contract for a claim arising out of the Virginia Public Procurement Act ("VPPA"), Va. Code §§ 2.2-4300 *et seq.*, was not "unreasonably short," when the parties intended that time be of the essence. 70 Va. Cir. 172, 192–94 (2006). However, the court overruled the Plea in Bar based on the lesser limitation period on other grounds. *Id.* at 198. The court in *Modern Continental* specifically distinguished a private contract, such as the one giving rise to the *Sampson* case, from a case implicating the VPPA. *Id.* at 199, n. 56. Further, the purpose of the VPPA is to "enunciate the public policies pertaining to governmental procurement from nongovernmental sources," Va. Code § 2.2-4300(B), and, to that end, the General Assembly intended that competition and administrative efficiency be encouraged, that public bodies maintain a broad flexibility in fashioning details of such competition, and that specifications reflect the needs of the purchasing public body. Under § 2.2-4300 of the Virginia Code:

> [I]t is the intent of the General Assembly that competition be sought to the maximum feasible degree, that procurement procedures involve openness and administrative efficiency, that individual public bodies enjoy broad flexibility in fashioning details of such competition, that the rules governing contract awards be made clear in advance of the competition, that specifications reflect the procurement needs of the purchasing body rather than being drawn to favor a particular vendor, and that the purchaser and vendor freely

exchange information concerning what is sought to be procured and what is offered.

Va. Code § 2.2-4300(C). Though the clause at issue in *Modern Continental* concerned the contractor's agreed-to five day limit for protesting compensation decisions once the contract had already been awarded, *Modern Continental*, 70 Va. Cir. at 192, it is significant that the statutory notice of protest period under the VPPA for bidders who wish to protest a public body's decision to award a contract is *ten days*. Va. Code § 2.2-4360(A).

Limitation periods for times less than one year have been upheld in other contexts in Virginia, such as for claims arising out of bills of lading and out of insurance policy claims, likewise based on the need for quick action in those contexts. *See, e.g., Liquid Carbonic Co. v. N. & W. Ry.*, 107 Va. 323, 326, 58 S.E. 569, 571 (1907) (explaining that lesser limitation period agreements are often inserted into the contract of shipment in order to enable the carrier to ascertain the facts occasioning the claimed loss or injury, because lapse of time would frequently make it difficult or impossible to determine the relevant facts); *Massie v. Blue Cross and Blue Shield of Va.*, 256 Va. 161, 164, 500 S.E.2d 509, 511 (1998) (upholding a lesser limitation period of twelve months, but noting that, for insurance contracts, the period of limitations cannot be less than one year after the loss occurs or the cause of action accrues under Va. Code § 38.2-314).

Other states have also considered the issue of reasonableness for a lesser limitation period agreements. Under Michigan law, parties may contract for a shorter limitation period than any otherwise applicable statute of limitations, so long as the time period is one year or more. *Burroughs Corp. v. Suntogs of Miami, Inc.*, 472 So. 2d 1166, 1167 (1985); Mich. Comp. Laws. § 440.2725 (1970). Under California law, parties have considerable leeway to agree to change the length of a statute of limitations, but the shortened period must be "reasonable" in that it "provides sufficient time to effectively pursue a judicial remedy" and not demonstrate imposition or undue advantage. *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1430, 131 Cal. Rptr. 2d 684, 695 (2003). The New York rule is that an agreement to specify a shorter, but reasonable, limitation period is enforceable if it is in writing, because such an agreement is effective in securing the end sought by a statute of limitations. *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 551–52, 389 N.E.2d 99, 103–04 (1979) (holding that the parties could not agree to extend the

statute of limitations even if their original intention was to create a shorter period).

The claims in the case at bar implicate the VCPA, which the General Assembly intended to "be applied as remedial legislation to promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code § 59.1-197. As previously discussed, the statute of limitations for causes of action arising under the VCPA is two years, Va. Code § 59.1-204.1(A), reflecting the General Assembly's intent to protect consumers against vendor overreaching. There is no indication in the present case that time is of the essence aside from the three month lesser limitation period provision, which seems arbitrary based on the nature of the private Deed Agreement, particularly in context with the provision calling for 480 months of payments by the purchasers. (Agr. for Deed ¶ 1(b).)

## D. *Merger*

The Defendant argues that paragraph twenty of the Agreement, stating that the Agreement "constitutes the sole and entire Agreement between the parties," precludes any claims set forth in the Complaint not set out in the Agreement. The Plaintiffs argue that the Agreement's merger clause does not bar any of the claims set out in the Complaint because it serves only to create a unified document and cannot bar all statutory and common law claims.

The doctrine of merger is a finalization tool to agreements between parties. *Napier v. Graham*, 68 Va. Cir. 500, 502 (2004). The rule arises "when a deed is executed and accepted in performance of a prior preliminary contract," and its requirement is that "the deed, if unambiguous in its terms, and unaffected by fraud or mistake, must be looked to alone as the final agreement of the parties." *Id.* (citing *Woodson v. Smith*, 128 Va. 652, 656, 104 S.E. 794, 795 (1920)). A previous agreement between parties that is not contained within the four corners of the deed can withstand the merger doctrine if it represents a collateral agreement. *Napier*, 68 Va. Cir. at 503. The doctrine generally provides that in the case of a sale of real property, "the deed of conveyance represents the final agreement of the parties and all prior agreements, oral or written, are merged into the deed of conveyance." *Empire Mgmt. & Dev. Co. v. Greenville Assocs.*, 255 Va. 49, 52–53, 496 S.E.2d 440, 442 (1998) (finding that the doctrine of merger was not applicable, because though a "closing statement" was subsequent to the original contracts for

sale, it was not "an instrument of higher dignity" than the original contract for sale, which would implicate the doctrine of merger).

The Plaintiffs' claims arising under the VCPA are based upon language contained in the Agreement itself. These statutory claims cannot be barred by the doctrine of merger, which would only prevent the Plaintiffs from relying on any prior agreements with the Defendant.

### *Conclusion*

The Court therefore denies all Counts (I-IV) of the Plea in Bar.